ANTONIO CHIAPPONE, SR., as Administrator, etc., of ANTONIO CHIAPPONE, JR., Deceased, Respondent, *v.* FRED H. GREENE-BAUM, Appellant.

First Department, December 5, 1919.

**Motor vehicles — negligence — pedestrian killed by automobile — contributory negligence — failure to establish negligence of chauffeur.**

Where the plaintiff's intestate, after passing in front of an automobile standing on the west side of a street, failed to look to the north, from which direction south-bound cars were approaching and was struck and

First Department, December, 1919.        [Vol. 189.

killed by the defendant's automobile coming from that direction without undue speed, it was under the circumstances of this case improper to set aside a verdict for the defendant, as the intestate by failing to look could be charged by the jury with contributory negligence.

Moreover, the evidence did not establish the negligence of the defendant's chauffeur where the street was narrow and he was proceeding south at a moderate speed within three feet of standing automobiles and the intestate stepped before the defendant's car when it was close upon him so that the chauffeur had no time to avoid the accident.

Under the circumstances negligence cannot be based upon the failure of the chauffeur to blow his horn where, instead of doing so, he endeavored to change the course of the car to avoid the intestate, for he was placed in a sudden emergency.

APPEAL by the defendant, Fred H. Greenebaum, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 19th day of December, 1918, granting plaintiff's motion to set aside the verdict and for a new trial made upon the minutes on the ground that the verdict was against the weight of evidence.

*Murray G. Jenkins* of counsel [*William B. Shelton* with him on the brief; *William Dike Reed*, attorney], for the appellant.

*Hobart S. Bird*, for the respondent.

PER CURIAM:

We are of opinion that the order granting a new trial should be reversed and the verdict reinstated. Upon the evidence of the plaintiff's principal witness, the plaintiff's intestate could well be found guilty of contributory negligence, in looking to the south, and failing to look to the north, from which direction the automobile was coming at a reasonable speed. After plaintiff's intestate had passed the car in front, he could by looking have seen this automobile coming from the north and have avoided the injury. There was nothing between him and the approaching car. It was his duty to look to the north, because he was passing the line of the south-bound traffic. Further, we are of opinion that plaintiff failed to show negligence on the part of the defendant's chauffeur. The street is narrow. There were automobiles standing upon the west side. A car driving towards the south must neces-

sarily go very near to these automobiles, and the evidence was that the chauffeur was proceeding to the south within three feet of these standing automobiles. Plaintiff's intestate suddenly came from in front of the standing car, from which place he could not be seen by the chauffeur until he was within a very few feet of the path in which the automobile was properly driven. Whether walking or running, the plaintiff's intestate stepped into this pathway when the defendant's car was right upon him, so that the chauffeur had not time to avoid the accident. The blowing of the horn would have been too late, and, instead of taking time to blow the horn, the chauffeur at once put his hands upon the wheel and endeavored to go around the boy and his right mudguard struck the boy and he was thrown under the wheels. Without proof of improper speed it cannot be said in this sudden emergency that the chauffeur was guilty of negligence causing the death of the boy. Under these circumstances, both for the boy's contributory negligence, and for lack of proof of the defendant's negligence, if the plaintiff had recovered a verdict, such a verdict would have been set aside as against the weight of evidence. It follows, then, that the verdict of the jury, finding in behalf of the defendant, was based upon abundant evidence and should stand.

The order should be reversed, with costs, and the verdict reinstated and judgment ordered thereupon, with costs.

Present — CLARKE, P. J., LAUGHLIN, SMITH, MERRELL and PHILBIN, JJ.

Order reversed, with costs, and verdict reinstated and judgment ordered to be entered thereupon, with costs.