LOUISE FORD, Respondent, *v.* NEW YORK CITY INTERBOROUGH RAILWAY COMPANY, Appellant.

**Street railways — negligence — contributory negligence — when evidence shows that plaintiff failed to exercise reasonable prudence in crossing a street in front of an approaching street car.**

1. Plaintiff, a woman of advanced age but in possession of normal faculties of hearing and seeing, started to cross a street in the middle of a block and was struck by one of defendant's trolley cars. She testified that before she left the sidewalk she looked and saw the car approaching about one hundred and sixty feet distant and that she only looked at the car once more before going upon the track where she was struck. The evidence of the witnesses for defendant and also plaintiff's

own witness is to the effect that at the time she stepped upon the track the car was only five or ten feet distant; her witnesses stating that it was moving " quickly;" defendant's witness, that it was moving at the rate of about nine miles an hour. If plaintiff's last observation was made before she left the sidewalk her failure to look again was clearly negligent. Likewise if she looked from some undesignated point in the street and seeing a car only one hundred and sixty feet distant and approaching " quickly " or at the rate of nine miles an hour, proceeded on her way without further observation and stepped upon the track when the car was only distant a few feet, she was lacking in that reasonable prudence which the law requires of her, and on either version of her testimony it was error to deny defendant's motion for a non-suit.

2. Defendant's counsel asked the court to charge the jury, in substance, that if they found as a fact that plaintiff stepped in front of a car only ten feet away at a point not at a street crossing, when it was going nine or ten miles an hour, she was guilty of contributory negligence as a matter of law and their verdict must be for the defendant. The court charged that " you must so find if you find it was negligent for her to do it. But in view of the evidence, that plaintiff paused momentarily on the track before she was struck, it is for you to say whether it was a negligent act or whether it was merely an error of judgment on her part." This was error. If the jury had found the facts embodied in the request it would have been their duty to find a verdict for the defendant.

3. Defendant's counsel also asked the court to charge the jury " that if the accident happened in the manner testified to by the defendant's witnesses their verdict must be for the defendant," and the court refused " on the ground that the testimony of the defendant's witnesses differed." This was error.

*Ford* v. *N. Y. City Interborough Ry. Co.*, 205 App. Div. 887, reversed.

(Argued June 11, 1923; decided July 13, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 6, 1923, affirming a judgment in favor of plaintiff entered upon a verdict.

*Alfred T. Davison, James M. O' Neill* and *Frederic W. Frost* for appellant. The plaintiff not only did not prove herself free from contributory negligence, but, on the contrary, the evidence affirmatively shows that she was

guilty of contributory negligence as a matter of law. (*Dansky* v. *S. I. M. Ry. Co.*, 186 App. Div. 101; *Tully* v. *New York City Ry. Co.*, 127 App. Div. 688; *Woodward* v. *New York Rys. Co.*, 164 App. Div. 658; 221 N. Y. 538; *Tjaden* v. *B. H. R. R. Co.*, 145 App. Div. 581; *Schiller* v. *D. D., E. B. & B. R. R. Co.*, 56 N. Y. Supp. 184.) The court erred in refusing to charge the requests made by the defendant's counsel at the end of his main charge. (*Goldstein* v. *Union Ry. Co.*, 180 App. Div. 417; 230 N. Y. 570; *Byrnes* v. *B. H. R. R. Co.*, 148 App. Div. 794; *Unger* v. *B. L. Ry. Corp.*, 234 N. Y. 86; *Zenner* v. *B. H. R. R. Co.*, 173 App. Div. 194; 228 N. Y. 710; *Albrecht* v. *Rochester, S. & E. R. R. Co.*, 205 N. Y. 230; *Stierle* v. *Union Ry. Co.*, 156 N. Y. 70; *Fenton* v. *Second Avenue R. R. Co.*, 126 N. Y. 625; *McGuire* v. *N. Y. Rys. Co.*, 230 N. Y. 23; *N. Y. Transp. Co.* v. *O'Donnell*, 159 Fed. Rep. 659; *S. C. C. Ry. Co.* v. *Kinnare*, 75 N. E. Rep. 179.)

*Henry Ginnane* and *Joseph Shallek* for respondent. The plaintiff was not guilty of contributory negligence; her conduct at the time and place was a fair question for the jury. (*Moebus* v. *Hermann*, 108 N. Y. 349; *Knapp* v. *Barnett*, 216 N. Y. 226.) The court's charge fairly and correctly submitted the case to the jury. (*Moebus* v. *Hermann*, 108 N. Y. 349; *Baker* v. *Close*, 204 N. Y. 92; *Buhrens* v. *D. D., E. B. & B. R. R. Co.*, 53 Hun, 571; 125 N. Y. 702.)

HISCOCK, Ch. J. The plaintiff was injured by being struck by one of defendant's trolley cars moving southerly in the neighborhood of One Hundred and Seventy-seventh street on the Boston road. She was of the age of about eighty years but in possession of normal faculties of hearing and seeing. In the neighborhood of One Hundred and Seventy-eighth street she had alighted from a subway train which there ran above the street surface, and

descended to the sidewalk. She then traveled a short distance southerly towards One Hundred and Seventy-seventh street and then, in the middle of the block, started across the street turning somewhat obliquely towards the south. As she first reached the sidewalk as above stated she saw the car which subsequently injured her somewhat south of One Hundred and Seventy-ninth street and approaching the point of accident. She only looked at the car once more before going upon the track where she was struck. In her direct examination she stated she thus looked after she had passed from the sidewalk to the pavement but does not otherwise disclose where this point of observation was. In her cross-examination she states that she made this observation before she left the sidewalk. In both accounts she states that the car was then distant about 160 feet from the point of collision and that although she appreciated that it was approaching the point where she attempted to cross the track she did not look again to ascertain its whereabouts. The evidence both of the defendant's witnesses and of plaintiff's own witness is to the effect that at the time she stepped on the track the car was only five or ten feet distant from her and her witness states that it was moving " quickly," while the defendant's witnesses state that it was moving at the rate of about nine miles an hour. In other words, the plaintiff, crossing in the middle of a block and knowing that a car was approaching, stepped upon the track without any attempt to ascertain whether it was safe for her to do so. If her last observation was made before she left the sidewalk her failure to look again was clearly negligent. (*Lofsten* v. *Brooklyn Hts. R. R. Co.*, 184 N. Y. 148.) Also, under the circumstances, if she looked from some undesignated point in the street and, seeing a car distant only 160 feet and approaching " quickly " or at the rate of nine miles an hour, proceeded on her way without further observation and stepped upon the track when the car was only distant a few feet, we

think that she was lacking in that reasonable prudence which the law requires of her. Thus, on either version of her testimony, it was error to deny defendant's motion for a non-suit.

Furthermore even if we should assume, and we do so only for the purposes of argument, that the plaintiff was entitled to have her case submitted to the jury, we think that the court erroneously denied certain requests to charge submitted by the defendant. For instance, defendant's counsel asked the court to charge the jury " that if they find as a fact that the plaintiff stepped in front of this car when it was going nine or ten miles an hour, when the car was only ten feet away at a point not at a street crossing, she was guilty of contributory negligence as a matter of law and their verdict must be for the defendant." To this the learned court responded: " Yes, I charge you that you must so find if you find it was negligent for her to do it. But in view of the testimony of the defendant's last witness on the stand that she was standing on the westerly rail when the car struck her and in view of the testimony of the defendant's witnesses to the effect that she paused momentarily, it is for you to say whether it was a negligent act or whether it was merely an error of judgment on her part." This was, of course, clear error. If the jury had found the facts as embodied in the request it would have been their duty to find a verdict for the defendant. There was no place in this case for the excuse of error in judgment for the facts as embodied in the request show that the plaintiff heedlessly walked into a place of danger.

Defendant's counsel also asked the court to charge the jury " that if the accident happened in the manner testified to by the defendant's witnesses their verdict must be for the defendant," and the court refused " on the ground that the testimony of the defendant's witnesses differed." It is somewhat difficult to understand what thought guided the court in this ruling. The defendant's

witnesses were substantially in accord as to the rate of speed of the car and as to its distance from the point of collision when the plaintiff stepped upon the track. There was not any such discrepancy in the testimony of various witnesses as destroyed concurrence in the proposition that the car was going rapidly enough and was near enough to the point of collision so that if the plaintiff stepped upon the track in front of it she was guilty of contributory negligence. The charge should have been made as requested.

For these reasons we think that the judgments should be reversed and a new trial granted, with costs to abide event.

HOGAN, POUND, CRANE and ANDREWS, JJ., concur; CARDOZO, J., concurs in result; McLAUGHLIN, J., concurs on first ground stated in opinion.

Judgments reversed, etc.