JOSEPH AXELROD et al., Plaintiffs, *v.* EDGAR KRUPINSKI et al., Defendants.

Supreme Court, Trial Term, Bronx County, January 19, 1949.

*Bernard Braun* for plaintiffs.

*W. J. Hampton* for defendants.

HOFSTADTER, J. Defendants' parked vehicle was temporarily abandoned and no provision was made for giving warning to or waving away automobiles coming from the rear of this parked car. The adults in the automobile did nothing; the window next to the driver's seat was completely closed so that signaling therefrom was physically impossible; and even though policemen in motorcycles passed prior to Krupinski's departure for a telephone, he made no attempt to communicate his plight to them so that they might take measures to avoid an accident. Krupinski could have remained — outside his car — giving warning to and waving away oncoming vehicles and sent his wife to do the necessary telephoning — but she remained in the car smoking a cigarette; or he could have requested her to stand outside their car while he went on his errand. Doing neither was manifestly imprudent and an act of negligence.

On the other hand, I find that Joseph Axelrod was operating his vehicle prudently and carefully; from the time of his entrance onto the highway to the time of the accident he used the outermost or slow lane, and drove at what all the witnesses agreed was a moderate speed. There were four young children in his car; it was brought out that many other vehicles passed him en route. He kept a safe distance from the motor vehicle preceding; he had every reason to believe that the vehicles to the south of him were all in motion. When the vehicle in front of him suddenly veered to the left to go into the second lane, the Axelrod car was very close to the parked car; and notwithstanding Mr. Axelrod's prompt effort to swing the car to the left to avoid accident, the right side of the vehicle he was operating came in contact with the left rear of defendant MacRae's automobile. I find there was no negligence on the part of Mr. Axelrod. And the plaintiffs, therefore, are entitled to recover.

I conceive that an award to Mr. Axelrod of $1,500 is moderate; and that the property damage sustained by Mrs. Axelrod may be fairly assessed in the amount of $500. Accordingly, judgment for the plaintiff Joseph Axelrod against both defendants in the sum of $1,500, and for the plaintiff Helen Axelrod against both defendants in the sum of $500.

Thirty days' stay and sixty days to make a case.