■ STEVE WEIDMAN et al., Respondents-Appellants, v. DAVID N. KLOT, Appellant-Respondent.— Judgment unanimously affirmed, with costs to plaintiffs-respondents-appellants. It appears that no adequate findings were made as required by section 440 of the Civil Practice Act. In the absence of such findings, the record being complete, this court may make them (*Famous Sea Food House* v. *Skouras,* 272 App. Div. 258). From the testimony given at the trial and the documents received in evidence we find that the defendant entered into a contract with the plaintiff under which the defendant agreed to furnish a DC-6 airplane to the plaintiffs for a flight from New York to Miami. We likewise find that the defendant breached the contract in failing to furnish such airplane to the plaintiffs' damage in the amount indicated by the judgment. The defendant's contention that he merely assigned his right to such airplane is not supported by the evidence. Likewise his position that he merely acted as agent for the airline is not supported by the evidence. It is true that the plaintiffs recovered a judgment against the airlines in a suit instituted in Florida, on the theory of the defendant's agency. However, that is no bar to the relief sought against this defendant inasmuch as it has been shown that the defendant acted on his own behalf as well as an agent for the airline (*Meyer* v. *Redmond,* 205 N. Y. 478; *Shoenthal* v. *Bernstein,* 276 App. Div. 200). Despite the existence of a disclosed principal, personal liability may be imposed upon an agent where there is clear and explicit evidence of an intention to assume such liability (*Hernandez* v. *Brookdale Hills,* 194 App. Div. 369). The fact that the agreement was made in the defendant's name and executed by him, supported by evidence of the independent nature of his travel bureau operation, leads to the conclusion that he undertook, in his own behalf, to carry out the terms of the contract. In all, the record warrants a finding that there was an intention on his part to personally assume the obligations of the contract. Thus, we conclude that the position here taken by the plaintiffs is not inconsistent with the one in the Florida suit. In any event even were they inconsistent, such issue was not properly raised in this action. We also find that the release upon which the defendant places reliance was clearly conditioned upon the repayment of the fares to the plaintiffs. The fares not having been repaid the release is ineffective. We further find that there was no offer to return the fares to the plaintiffs and that the failure to do so was not occasioned through any fault of the plaintiffs. The fraud allegations of the second cause of action not having been proven the dismissal thereof was proper. Concur — Rabin, J. P., Valente, McNally, Stevens and Bastow, JJ.