■ VIVIAN GABOR, an Infant, by ROBERT GABOR, Her Parent et al., Respondents-Appellants, v. STEVEN J. LEVITT et al., Appellants, and MAXINE STERN et al., Respondents.— In a negligence action to recover damages for personal injuries, medical expenses and loss of services, (1) defendants Levitt appeal from a judgment of the Supreme Court, Nassau County, entered April 25, 1969, in favor of plaintiffs against them and in favor of defendants Stern against plaintiff Robert Gabor, upon a jury verdict, and (2) plaintiffs appeal from that portion of the judgment that is in favor of defendants Stern. Judgment reversed, on the law, and new trial granted as to all defendants, with costs to abide the event. This court has considered the questions of fact and has determined that it would not grant a new trial upon those questions. The personal injuries were received by the infant plaintiff, a passenger in a motor vehicle owned by defendant Aaron Stern and operated by defendant Maxine Stern which made a left-hand turn at an intersection and was struck by the corporate defendant Levitt's motor vehicle, operated by defendant Steven J. Levitt. Mrs. Stern testified she signaled to make the turn, saw no oncoming traffic, turned, and in an instant was struck by the Levitt vehicle. Mr. Levitt testified that the Stern vehicle darted out in front of his vehicle when he was 10 feet from the intersection and that the Stern car then stopped in his lane. The record demonstrates that the jury could find that Levitt was confronted with an emergency situation at the time of the accident. Under these circumstances, he was entitled to a charge that, if the jury believed he was faced with an emergency which he did not create, he is not to be held liable for failing to exercise the best judgment in the emergency (*Bobbe* v. *Camato,* 26 A D 2d 627). In view of the closeness of this case and the fact that the jury specifically requested guidance on this issue, we feel it was prejudicial error for the trial court to refuse to charge on the subject of emergency situation. Christ, Acting P. J., Rabin, Munder, Martuscello and Benjamin, JJ., concur.

■ DOROTHY IANNUCCI et al., Respondents, v. JOSEPH T. BETTS, JR., et al., Appellants, et al., Defendant.— In a negligence action to recover damages for personal injuries sustained by the five infant plaintiffs and for medical expenses incurred by their father, the appealing defendants appeal from an order of the Supreme Court, Suffolk County, entered January 22, 1969, which granted plaintiffs' motion for summary judgment and ordered an assessment of damages, pursuant to CPLR 3212. Order reversed, on the law, without costs, and motion denied. The infant plaintiffs were passengers in a motor vehicle operated by defendant John Holthusen, Jr., and owned by defendant Virginia Holthusen, which collided with another vehicle, owned by defendant Betts, at a street intersection. There are questions of fact which should be determined at a trial (*Bailer* v. *Shelton,* 30 A D 2d 545; *Baskerville* v. *Solomon,* 30 A D 2d 965; *Rosenthal* v. *Monastra,* 27 A D 2d 749; *Heinicke* v. *Mendelsohn,* 28 A D 2d 719). Rabin, Acting P. J., Hopkins, Munder, Martuscello and Benjamin, JJ., concur.