JOSEPH RAIMONDO, JR., an Infant by JOSEPH RAIMONDO, SR., His Father and Natural Guardian, Appellant, *v.* JOAN D. HARDING, Respondent.

JOSEPH RAIMONDO, SR., Appellant, *v.* JOAN D. HARDING, Respondent.

Fourth Department, February 23, 1973.

*McDonough, Boasberg, McDonough & Beltz (Russell T. Quinlan of counsel), for appellant.*

*O'Shea, Adamson, Reynolds & Napier (C. DeForest Cummings, Jr., of counsel), for respondent.*

WITMER, J. In this negligence action the jury returned a verdict of no cause for action. Plaintiffs appeal upon the sole ground that the Trial Justice erred in refusing to charge the emergency doctrine and its application to the infant plaintiff's conduct. It appears that the court based its refusal upon the ground that the emergency was not one created by the defendant. Although many cases have expressed the emergency doctrine in terms of an emergency created by the defendant, reason does not support such limitation and we think that the trial court was in error in its ruling.

The record shows that a jury could find that in the evening of November 9, 1966 plaintiff, then 14 years old, and a young friend were standing near a telephone booth in front of a doughnut shop on the north side of Brighton Road a short distance east of its intersection with Eggert Road in the Town of Tonawanda. Brighton Road runs easterly and westerly, with two lanes for traffic in each direction. Directly across Brighton Road from the telephone booth was a Texaco gasoline service station. A half dozen young men, dressed in fraternity jackets and hats, driving westerly in the northerly traffic lane on Brighton Road, stopped near plaintiff because the traffic light at the Eggert Road intersection was red for them. They rolled down the car window, called plaintiff and his friend "punks" and swore at and menaced them. When the light turned green for them they went on. Within minutes the car, again coming from the east on Brighton Road, drove into the parking lot of the doughnut shop back of where plaintiff stood and about 10 yards from him. The "fraternity guys" got out of their car and started toward plaintiff and his friend. On seeing this, plaintiff started across Brighton Road, toward the Texaco station parking lot on the south side, to get away from those "guys". At that time he saw an automobile about 100 yards to the west coming easterly on Brighton Road. The

Eggert Road intersection traffic light near him was then red for Brighton Road traffic. It appears that several streets enter or cross Brighton Road within an area of about 100 yards westerly of this light, and there was another traffic light at the west end of this "complex" which worked in unison with the one at the Eggert Road intersection. As plaintiff trotted across the street he continued to observe defendant's automobile coming easterly on Brighton Road, and when he was in the middle of the road he saw defendant's automobile about 25 yards west of him still coming easterly. Plaintiff increased his pace but was struck by the right front of defendant's automobile in the south lane of traffic between two and four feet from the south curb of Brighton Road. At no time did defendant's automobile change its course or slow down; and after the impact the car traveled the distance of three or four telephone poles before it came to a stop.

At the conclusion of the court's main charge plaintiffs' attorney requested that the court charge the jury the law with respect to conduct in an emergency as applied to the plaintiff in this case, and referred the court to the charge at PJI 2:40. The court declined the request without explanation, and plaintiff took an exception.

Although the court did not state the reason for his refusal to give the requested charge, it may be assumed that it was because the defendant in this case did not cause the emergency under which plaintiff claims that he was acting.

In several cases it has been held that the emergency doctrine is applicable "only to a case where the person injured was put in a position of danger through the negligence of the defendant" (*Neumann* v. *Hudson County Consumers Brewing Co.*, 155 App. Div. 271, 277; and see *Townes* v. *Park Motor Sales*, 7 A D 2d 109, 113, affd. 7 N Y 2d 767; 41 N. Y. Jur., Negligence, § 63). The doctrine was early expressed in this restricted manner in actions against railroads (see *Voak* v. *Northern Cent. Ry. Co.*, 75 N. Y. 320). On the other hand, in cases where the defendant in fact was the cause of the emergency situation, the emergency principle has often been applied without declaring that defendant's creation of the emergency was the reason for its applicability (*Bucher* v. *New York Cent. & Hudson Riv. R. R. Co.*, 98 N. Y. 128, 133; *Kolanka* v. *Erie R. R. Co.*, 215 App. Div. 82, 86).

As a matter of principle there is no reason why the emergency doctrine should only be applied in cases where the defendant can be found to have created plaintiff's emergency.

Whether a plaintiff was contributorily negligent depends only on his conduct under the circumstances, including any emergency which may have confronted him, and should not depend upon whether any particular individual apart from himself created that emergency or affected his conduct. Former Presiding Justice BOTEIN wrote in his dissenting opinion in *Townes* v. *Park Motor Sales (supra, pp. 115–116)*:

"An emergency may cause even a reasonably prudent man momentarily to forget or to disregard dangers of which he was previously aware, or it may justify his taking a risk knowing of such dangers. So long as the emergency which creates the pressures was not created tortiously by the plaintiff in the first instance, his hasty reactions to such an emergency may be found to have been reasonable under the circumstances. Whether an act, ill-advised in retrospect, may have appeared justifiable to a reasonable man under the prevailing circumstances, involves an assessment of judgment which is peculiarly within the province of the jury. * * *

"It makes no difference that defendant did not cause the fire to originate and did not own or control the buffing machine. The origin of the blaze was the fault of neither plaintiff nor defendant."

As noted in the comment in 1 N Y PJI 131, both the *Neumann* and *Park Motor Sales* cases (*supra*) "could have been decided on the basis of the recognized exception that plaintiff is not excused when his own act created the emergency" (see *Ford* v. *New York City Interborough Ry. Co.*, 236 N. Y. 346). The affirmance of the *Park Motor Sales* case may well have been on that basis, for no reference to an emergency situation is made in the Reporter's syllabus in that case (7 N Y 2d 767).

Although we have found no New York case expressly holding that when a jury can find that a plaintiff's conduct was affected by an emergency situation not created by himself or the defendant, he is entitled to the emergency charge, we note one case which is close to such holding. In *De Carlo* v. *Falco* (8 N Y 2d 791) the plaintiff was a passenger in an eastbound car, No. 1, whose driver was intoxicated and weaved the car back and forth across the center line of the highway. Steve Pallos, driver of an oncoming car, No. 2, sought to avoid a collision by entering the eastbound lane, and the cars collided. There, the plaintiff passenger did not cause the emergency which confronted the driver of car No. 2. Nevertheless, the court excused the latter as a matter of law because of the emergency, holding (p. 792) that "The proof of Steve Pallos' conduct,

precipitated as it was by an emergency not of his own making, was as a matter of law insufficient to create liability ''.

We think that the proper rule in these cases is expressed in the first paragraph of the charge in PJI 2:40 as follows: '' A person faced with an emergency and who acts, without opportunity for deliberation, to avoid an accident may not be charged with contributory negligence if he acts as a reasonably prudent person would act under the same emergency circumstances, even though it appears afterwards that he did not take the safest course or exercise the best judgment. Mere error of judgment or wrong choice of action is not negligence when one is called upon to act quickly in the face of peril. Within the meaning of this rule a person is faced with an emergency when he is confronted by a sudden and unforeseen condition not brought about or contributed to by his own negligence.''

The evidence of negligence on the part of the defendant in this case is not compelling, but we believe that the evidence of the red traffic lights, the location of defendant's automobile in Brighton Road when plaintiff started across the road, her speed and lack of effort to change direction or reduce her speed, and the distance which it took her to bring her automobile to a stop after the impact presented a question of fact for the jury as to her negligence (*Kennedy* v. *Cromer,* 34 A D 2d 859; PJI 2:75).

Because of the court's error in refusing to give plaintiff the benefit of the emergency charge the judgment should be reversed and a new trial granted.

GOLDMAN, P. J., DEL VECCHIO, CARDAMONE and HENRY, JJ., concur.

Judgment unanimously reversed on the law and facts with costs and a new trial granted.