■    Marie Binder et al., Respondents, v Supermarkets General Corporation et al., Appellants, and Robbins Construction Company, Respondent. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, etc., (1) defendants Supermarkets General Corpo-

ration, Delaware Stuart, Inc., and Pathmark of Watchung, Inc., appeal from so much of an interlocutory judgment of the Supreme Court, Nassau County, entered August 13, 1974, as is in favor of plaintiffs and against them, upon a jury verdict, and (2) defendant Asphalt Pavers, Inc., appeals, as limited by its brief, from so much of the same judgment as is in favor of plaintiffs and against it. Judgment reversed insofar as appealed from, on the law and in the interests of justice, without costs, and as between plaintiffs and appellants, action severed and new trial granted. The questions of fact have not been considered on these appeals. The trial court's refusal to charge the jury that slight negligence on the part of plaintiff Marie Binder would bar recovery, considered together with the court's charge that "to hold a person responsible for one's negligence, that negligence must be the proximate cause of the accident; that is, must be such a substantial factor that it would lead reasonable people like yourselves to conclude that except for that negligence this accident would not have happened" may have misled the jury into employing a standard of comparative negligence. The recently enacted statute adopting that standard is not retroactive (L 1975, ch 69, § 1; CPLR 1413). The court also erred in refusing to charge, at the request of plaintiffs and appellants other than Asphalt Pavers, that the jury could find against either Asphalt Pavers or the other appellants, or all appellants. Although this issue is raised on appeal only by Asphalt Pavers, whose trial attorney stated that he had no exceptions, the error is so fundamental that in the interests of justice we should reverse (*Zeleznik v Jewish Chronic Disease Hosp.*, 47 AD2d 199). Martuscello, Acting P. J., Latham, Cohalan, Christ and Munder, JJ., concur.