JOHN C. VOLESHEN et al., Appellants, v EUNICE M. COLES, Respondent.

Fourth Department, January 13, 1978

APPEARANCES OF COUNSEL

*Stanley A. Gordon (Richard A. Bernstein* of counsel), for appellants.

*Oswald J. Masoni (Richard H. Connors* of counsel), for respondent.

## OPINION OF THE COURT

WITMER, J.

Plaintiffs appeal from a judgment dismissing their com-

plaint after a verdict of no cause for action for damages incurred in a motor vehicle collision at the intersection of Dewey Avenue and English Road in the Town of Greece, Monroe County. The principal question presented is whether the trial court erred in declining to charge the rule of conduct for a plaintiff when confronted with an emergency.

Dewey Avenue runs north and south and has four lanes in the area where English Road intersects it, two lanes for northbound and two for southbound traffic. The intersection is controlled by traffic signal lights. On November 8, 1974, a sunny day, at a little after 11:00 A.M. plaintiff Voleshen was operating plaintiff MacConnell's motorcycle northerly on Dewey Avenue. The speed limit was 35 m.p.h. Voleshen testified that he was traveling northerly in the east lane, about three feet east of the inside lane, driving 30 m.p.h.; that he was wearing a helmet, and his headlight was lit; that when he was 200 feet south of the English Road intersection the traffic signal light was green for him. He recalls no traffic being in the lane to his left, and he decreased his speed slightly. He testified that when he was 75 feet south of the intersection, defendant's automobile, showing no turn signal, suddenly turned out of a line of southbound traffic easterly in front of plaintiff, to enter English Road; that plaintiff applied his brake and skidded into the rear of defendant's car near the right rear fender, at which time defendant's vehicle was partly in the east lane of Dewey Avenue and partly in English Road. Plaintiff left skid or tire marks over 60 feet long leading to the point of collision. He testified that because of the skid his motorcycle went out of control and he could not turn to his left to avoid striking defendant.

Defendant testified that before the accident she had stopped in the left lane of southbound traffic on Dewey Avenue, at the rear of a line of traffic waiting for the red signal light at English Road; that when the light changed to green the vehicles ahead of her proceeded southerly through the intersection; that she moved up to the signal light with her left turn signal operating and waited for northbound vehicles in the inside lane of Dewey Avenue, which turned left in front of her, and for an automobile in the east northbound lane proceeding directly through the intersection, and after they cleared the intersection she looked south and saw no other vehicle coming, and she turned left and proceeded into English Road; that when she was partly into English Road, with

only the rear of her automobile in the east lane of Dewey Avenue, she heard and felt a bump on the rear of her automobile, and that this was the first time that she was aware of plaintiff's presence.

■ Plaintiff requested the court to charge the rule governing a plaintiff's conduct when confronted with an emergency, suggesting charge PJI 2:40; but the court declined to give such charge. The court did not state its reasons for that determination; but it is the law that when events which occur are within normal expectation, the rule as to emergency conduct should not be charged *(Aldrich v Madison Taxi of Buffalo,* 49 AD2d 1012; *Jones v National Biscuit Co.,* 29 AD2d 1033). Therefore, the emergency rule should not be charged in an intersection accident case in the absence of special facts justifying such charge.

■ In this case there was evidence that the inside northbound lane was clear and that if plaintiff had control of his motorcycle he could have turned to his left into that lane and avoided the collision. Thus, the issue was presented as to whether plaintiff acted reasonably in these circumstances and whether his own negligent conduct did not cause the accident or at least contribute thereto. Plaintiff contends that defendant, without exhibiting a left turn signal, suddenly turned left out of the southbound line of traffic directly in front of him when he was too close to do anything but apply his brake, and that act put his motorcycle out of control so that he was unable to turn into his left lane to avoid colliding with defendant's automobile. Upon such evidence plaintiff was entitled to have the court charge the emergency rule *(Gabor v Levitt,* 34 AD2d 645; *Hemingway Bros. Interstate Trucking Co. v McLeod,* 22 AD2d 299, 301, 303; and see *Hart v Scribner,* 44 AD2d 59; *Raimondo v Harding,* 41 AD2d 62; 1 PJI2d 2:40).

■ It is to be noted that the alleged negligent act of defendant in turning in front of plaintiff is not what entitled plaintiff to have the emergency rule charged. Such charge relates to whether plaintiff was guilty of contributory negligence. The rule is to be charged only when the evidence will support a finding that had plaintiff acted in another manner, which was open to him, there would have been no accident, and that his failure to act otherwise is excusable because of the emergency situation. The fact that plaintiff's case was not a strong one makes of utmost significance the court's refusal to give the requested charge.

The judgment should, therefore, be reversed and a new trial granted.

MARSH, P. J., MOULE, DILLON and DENMAN, JJ., concur.

Judgment unanimously reversed, on the law and facts, and a new trial granted, with costs to abide the event.