■ ANN STRITTMATTER, an Infant, by Her Parent and Natural Guardian, CHARLES STRITTMATTER, et al., Respondents, v ILONA RAPPAPORT et al., Appellants, and RICHARD TREMOLINI et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., defendants Ilona Rappaport, Jerome Rappaport and A. Anthony, Inc., appeal from a judg-

ment of the Supreme Court, Suffolk County, entered May 10, 1979, which, *inter alia,* is in favor of (1) the infant plaintiff in the principal sum of $750,000, and (2) her father in the principal sum of $25,000. Judgment affirmed, with costs to plaintiffs payable jointly by appellants appearing separately and filing separate briefs. On June 18, 1974 Ilona Rappaport was driving down Route 25A; she swerved to avoid a car driven by Richard Tremolini and crashed into a schoolyard, seriously injuring the infant plaintiff. The infant sustained, *inter alia,* a compound skull fracture and laceration in the left frontal parietal area of the brain. The evidence established that as a result of that injury, the infant plaintiff would never walk or talk normally and would be subject to convulsive seizures for the rest of her life. She also suffered irreparable damage to the left optic nerve. The infant knew that she was different from other children and, at the time of the trial, four years after the accident, was attending a school for handicapped children. Testimony was elicited that, at maturity, she would only be capable of highly structured, repetitive employment. The jury absolved Mr. Tremolini of liability and found that Ilona Rappaport's negligence caused the accident. It also determined that at the time of the accident Mrs. Rappaport was an employee of A. Anthony, Inc., and that the accident occurred in the scope of her employment. These findings with respect to liability, and the award of damages, are amply supported by the evidence. Ilona and Jerome Rappaport contend that the trial court erred when it refused to charge the jury that if Ilona Rappaport was faced with an emergency she did not create, she could not be held liable for failing to exercise her best judgment (cf. *Gabor v Levitt,* 34 AD2d 645). Be that as it may, implicit in the jury's verdict in favor of Mr. Tremolini was a finding that Mr. Tremolini did not stop his car in a negligent manner and create an emergency condition. Since the instruction could not have influenced the jurors or affected their conclusion (see *McLean v Triboro Coach Corp.,* 302 NY 49, 52), the error, if any, does not warrant reversal of the judgment (see *Griswold v Newman,* 259 App Div 1111). Finally, we note that there is no evidence to support appellants' contention that the members of the jury were aware of or affected by publicity about the case. Damiani, J. P., Mangano, O'Connor and Weinstein, JJ., concur.