■ BRIDGET RUNFOLA, an Infant, by SAMUEL RUNFOLA, Her Father and Natural Guardian, et al., Appellants, v GEORGE BRYANT et al., Respondents.—Judgment unanimously reversed on the law with costs and new trial granted. Memorandum: The Trial Judge committed reversible error in failing to charge the jury adequately on the principles of comparative negligence (CPLR 1411). Plaintiffs' counsel specifically requested the court to instruct the jury on the rules of comparative negligence set forth in the Pattern Jury Instructions (PJI 2:36 [Supp]), but the court declined to do so. PJI 2:36 (Supp) sets forth the principles necessary to evaluate the relative culpable conduct of the parties (CPLR 1411, 1412) and contains three steps for apportioning liability and calculating the net verdict *(see, Luppino v Busher,* 119 AD2d 554, 556). The court's "reverse element" theory was confusing and legally insufficient. The failure of the trial court to instruct the jury properly on the principles of comparative negligence substantially impaired plaintiffs' rights so as to constitute reversible error and require a new trial *(see, Gonzalez v Medina,* 69 AD2d 14, 20-21).

Since a new trial is necessary, we note that the instruction

on the emergency doctrine on these facts was inappropriate. Since plaintiff pedestrian was struck by defendant's vehicle as she was crossing the street in a residential area, neither party was confronted with a "sudden and unforeseen condition", but rather by a common occurrence that should have been anticipated by reasonable and prudent persons (see, Voleshen v Coles, 60 AD2d 468). (Appeal from judgment of Supreme Court, Erie County, Cook, J.—automobile negligence.) Present —Callahan, J. P., Denman, Green, Pine and Lawton, JJ.