■ LINA MALATESTA, Appellant, v JOHN R. HOPF, Individually and as Representative of the Estate of LESLIE R. HOPF, Deceased, Respondent and Third-Party Plaintiff-Appellant. COUNTY OF COLUMBIA, Third-Party Defendant-Respondent. (And a Fourth-Party Action.)—Casey, J. Appeals (1) from an order of the Supreme Court (Connor, J.), entered April 11, 1989 in Columbia County, which, inter alia, granted a motion by third-party defendant for summary judgment dismissing the third-party complaint and all cross claims against it, (2) from a judgment of said court, entered May 1, 1989 in Columbia County, upon a verdict rendered in favor of defendant, and (3) from an order of said court, entered August 23, 1988 in

Columbia County, which denied plaintiff's motion to set aside the verdict.

Plaintiff was a passenger in a Volkswagen Rabbit automobile owned by defendant which was being driven in a northerly direction by his daughter Leslie R. Hopf (hereinafter Hopf) on January 11, 1984 at about 1:00 P.M. on State Route 22 in the Town of Copake, Columbia County. At that point in question, Route 22 is a two-lane cement-surfaced road, 24 feet wide, and straight and level for a distance of 0.7 miles. On either side of the highway there are shoulders approximately six feet wide and about six inches below the surface of the road. Guardrails run along the outer limits of the shoulders. At the time, hardpacked snow covered the road surface due to a previous snow storm. The weather was clear and sunny but cold. A mixture of salt and sand had been placed on this State highway at about 11:00 to 11:30 A.M. of that day by third-party defendant, Columbia County.

The driver of an 18-wheel trailer truck, which was proceeding southerly at a speed estimated to be 38 miles per hour, testified that he first saw the Volkswagen at a distance of about three fourths of a mile and he estimated its speed at 38 to 40 miles per hour. Plaintiff, however, stated that at some time before the accident the speedometer of Hopf's vehicle read 15 miles per hour.

When the two vehicles were about 200 feet apart, the Volkswagen slid to its right onto the shoulder. Hopf, in an attempt to regain control of the vehicle, brought it back onto the pavement, which caused the Volkswagen to veer across the road and hit the truck almost head on. Hopf and plaintiff were hurled from the Volkswagen, although its doors remained closed. Hopf was killed as a result of the crash and landed in the center of the road. Plaintiff was thrown against the guardrails and sustained serious and permanent injuries.

At trial, Supreme Court dismissed defendant's third-party complaint against the county and the county's fourth-party complaint against the owner and driver of the truck. Plaintiff's claim against defendant was submitted to the jury, which rendered a verdict in favor of defendant and against plaintiff of no cause for action. Subsequently, plaintiff's motion to set aside the verdict was denied.

Plaintiff appeals from the judgment dismissing the complaint based on the jury's verdict and from the order denying plaintiff's motion to set the verdict aside. Defendant appeals from the order dismissing the third-party complaint against

the county before trial. Plaintiff's only claim of error raised on this appeal relates to that portion of the instructions to the jury in which Supreme Court, over plaintiff's objection and exception, charged the emergency doctrine. The court charged that the rule applied when a person is faced with a sudden, unexpected condition which could not have been reasonably anticipated, provided the person did not cause or contribute to the emergency by her own negligence. According to the charge, if the jury found that the driver of the Volkswagen (Hopf) was confronted with an emergency and acted in the face thereof as a reasonably prudent person would, the jury should conclude that the driver was not negligent. If, on the other hand, the situation was not sudden and unexpected or should reasonably have been foreseen, or if the driver's conduct in response to the emergency was not that of a reasonably prudent person, then the jury could find that the driver was negligent.

In the circumstances outlined above, which are generally undisputed, we find that the charge was fair and proper. Although there is nothing in the record from which the jury could conclude that Hopf drove her vehicle onto the shoulder of the highway in response to a sudden and unforeseeable condition, there is evidence from which the jury could find that Hopf was driving in a reasonably prudent manner in light of the road conditions and that there was no negligence on her part in allowing the vehicle to slide onto the shoulder. Once Hopf's vehicle was off the highway through no negligence of her own, she was faced with an emergency situation requiring her to bring her vehicle back into the proper driving lane. Applying the emergency doctrine charged by Supreme Court to this situation, the jury could and obviously did find that Hopf was not negligent in the operation of her vehicle prior to its skidding off of the highway, that when she was confronted with that emergency situation she acted as a reasonably prudent person would act in such emergency circumstances, and, therefore, that she was not guilty of any negligence (see, *Ferrer v Harris*, 55 NY2d 285, 292; cf., *Segal v Segal*, 73 AD2d 586, *appeal dismissed* 49 NY2d 880).

Based on this determination, the judgment in favor of defendant and the order refusing to set aside the verdict should be affirmed, and the appeal by defendant dismissing the third-party complaint should be dismissed as academic.

Appeal from order entered April 11, 1989 dismissed, as academic, without costs.

Judgment entered May 1, 1989 and order entered August

23, 1989 affirmed, without costs. Casey, Levine and Mercure, JJ., concur.

Mahoney, P. J., and Kane, J., dissent and vote to reverse in a memorandum by Kane, J. Kane, J. (dissenting). In our view, it was error for Supreme Court to charge the "emergency rule" under the circumstances presented in this case. The only witness able to provide any description of the operation of the vehicles immediately prior to the accident was the operator of the tractor trailer, fourth-party defendant Curtis A. Spiva. Hopf, operator of the Volkswagen in which plaintiff was a passenger, was killed in the accident and plaintiff has no recollection of the events immediately prior or subsequent to the collision other than the fact that, after encountering the hard-packed snow at some point prior to the scene of the accident, Hopf "was going real slow" and that she remembered "the last thing seeing on her speedometer was 15 miles an hour".

Spiva testified that at about 1:00 P.M. on the date of the accident, he was traveling south at a speed of 38 to 40 miles per hour on a flat, two-lane highway covered with hard-packed snow. It was cold and cloudy at the time, but there was no precipitation. Spiva first observed a black Volkswagen approximately three fourths of a mile straight ahead approaching him in the northbound lane and traveling at about the same speed. Spiva testified that when the Volkswagen was about 200 feet away "she looked like she had run off the shoulder of the road and got sideways. She tried to steer it out of it, but instead cut in front of me." The vehicle was about 50 feet away from Spiva when, according to him, it came across the highway into the southbound lane and struck the left front of his tractor trailer with its right front. This testimony, taken from an examination before trial of Spiva, was read into the record as part of plaintiff's case. Spiva also testified in person and his description of the accident did not differ materially from his previous testimony, except for his additional observation that the Volkswagen's "back end slid" first to the left and then to the right as it went off the shoulder at a point approximately 200 feet away from him and "[s]he got control of it and got about 50 feet and it slid again, crossed in front of me". Given this uncontroverted testimony, we are persuaded that defendant was not entitled to the benefits of a charge under the "emergency rule".

It is the law, as we understand it, that when a vehicle traveling on a slippery surface crosses over onto the wrong side of the road and damage results, a prima facie case of

negligence is made out sufficient to entitle the jury to determine ultimate questions of liability *(see, Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132, 136). Under such circumstances, it is up to the defendant to offer an explanation for the occurrence which, again, is also for the jury to accept or reject *(see, Coury v Safe Auto Sales,* 32 NY2d 162, 164). Thus, since the initial action which placed Hopf in the position precipitating her vehicle's movement into the path of the oncoming tractor trailer was, in the first instance, prima facie evidence of negligence on her part, the so-called resulting "emergency" was of her own making and Supreme Court should not have given the emergency charge *(see, Jones v National Biscuit Co.,* 29 AD2d 1033, 1034).

Moreover, where, as here, the conditions of travel are such that the difficulties encountered by Hopf were to be reasonably anticipated, the "emergency charge" should not be given *(see, Hardy v Sicuranza,* 133 AD2d 138, 138-139; *Shaw v Manufacturer's Hanover Trust Co.,* 95 AD2d 738, 739; *Voleshen v Coles,* 60 AD2d 468, 471). Finally, and of critical importance, where, as here, there is an erroneous application of law which alters the duties of a party in a given set of facts in a close case of liability, the error is fundamental and requires a reversal of the judgment and a new trial *(see, Estes v Town of Big Flats,* 41 AD2d 681, 682).