■ AGNES BECKER, as Administratrix of the Estate of MAGDALENE J. VANDERLIP, Deceased, Appellant, v NEW YORK TELEPHONE COMPANY, Respondent.—Judgment unanimously reversed on the law with costs and new trial granted. Memorandum: Plaintiff is entitled to a new trial because the charge given by the court was confusing, incoherent and incomplete with respect to the applicable legal principles *(see, Cumbo v Valente,* 118 AD2d 679; *Lopato v Kinney Rent-A-Car,* 73 AD2d 565; *Biener v City of New York,* 47 AD2d 520; *see also, Runfola v Bryant,* 127 AD2d 972). Supreme Court failed to give a specific charge on comparative negligence, intermingled the principles of comparative negligence and proximate cause, and interjected elements of contributory negligence into the charge, thereby implying to the jury that, if plaintiff's decedent had been negligent in any way, there could be no recovery. In the circumstances of this case, it is doubtful that the jury gave fair consideration to plaintiff's claims *(see, Theodoropoulos v New York City Health & Hosps. Corp.,* 90 AD2d 792; *cf., Binder v Supermarkets Gen. Corp.,* 49 AD2d 562).

We have examined plaintiff's other contentions and find them to be without merit. (Appeal from Judgment of Supreme Court, Erie County, Sedita, J.—Negligence.) Present—Callahan, J. P., Doerr, Green, Balio and Lowery, JJ.