Bekgan, J.
Plaintiff was riding as a passenger in an automobile proceeding northerly on Route 117 near Mount Kisco. It was raining or snowing; there was slush on the road surface and it was slippery. A truck of defendant White Plains Express Corp., moving southerly on the road, came over into the northbound lane and struck the car in which plaintiff was riding. Plaintiff was injured.
Defendant at the trial gave no explanation for the accident, offered no proof on the issue of negligence, and the jury found a verdict for plaintiff. The Appellate Division by a divided *135 court reversed the judgment on the law and dismissed the complaint.
The dismissal was for failure to make out a cause of action prima facie and was explicitly placed on the authority of two decisions, Lo Piccolo v. Knight of Rest Prods. Corp. (7 A D 2d 369, affd. 9 N Y 2d 662) and Gooch v. Shapiro (7 A D 2d 307, affd. 8 N Y 2d 1088), These authorities in the main stem back to Galbraith v. Busch (267 N. Y. 230) and Lahr v. Tirrill (274 N. Y. 112).
On close analysis, the cited decisions are distinguishable from the case in hand. Although the basic concept of negligence was debated in the opinions at the Appellate Division in Lo Piccolo (7 A D 2d 369) the actual holding there was to affirm on the facts a defendant’s jury verdict and thus the legal problem was not deemed open in this court (9 N Y 2d 662).
As far as Gooch has relevance, and it also involved other questions, it could have turned on the sufficiency of the explanation given at the trial by the driver of the ear which went across the road (see 7 A D 2d, pp. 308, 309), an explanation not forthcoming in the present case. Both Galbraith and Lahr were passenger actions against their own drivers.
But differences of view within the Appellate Division, and its disagreement with the Trial Term on what is sufficient to show negligence prima facie, suggest the need for a restatement of the rule to be applied when a vehicle comes over onto the wrong side of the road and damage results.
In such a situation, showing this and nothing more, a case of negligence is made out prima facie sufficient to go to the jury to determine liability. The explanation of the defendant, if he gives one, will also usually be for the jury. The same rule, open to additional factual evaluation of his own responsibility for events, would apply to the passenger in a car which goes out of control.
The nice balance of knowledge and responsibility for some unknown “ defect in the automobile ” as a possible cause of an unexplained accident which the passenger guest, when he got in the car, was deemed to share equally with the owner and driver, and which it was held to be his burden to eliminate as part of his affirmative case has, in the 30 years since Galbraith v. Busch was handed down, been sapped of all practical appli *136 cation to the real world of motor vehicle operation (see 267 N. Y., p. 235).
Rigidity of legal rules which piece together conduct in the management and control of a moving vehicle in separate compartments under ‘ ‘ negligent ’ ’ and " non-negligent ’ ’ labels has not only failed to succeed as an instrument of adjudication; it has succeeded in confusing the business of deciding motor vehicle accident cases consistently. Modern experience suggests we can be less certain of the precision of our categories in this field of adjudication than we had confidently assumed a generation or so ago.
Thus there should be more legal flexibility on what is negligence as applied to the control of moving vehicles and the question left open to factual judgments of the jury where the record shows a skid, or the explanation for a skid, or a car on the wrong side of the road, or the explanation of why it is there, or the need for the passenger in a car to act in relation to its operation.
It may, for one example, be quite as dangerous for a passenger to give unsolicited advice to the driver as to remain quiet. Either way the question is one of fact on the general obligation of the plaintiff to show himself free from negligence.
The order should be reversed, with costs, and, in view of the affirmance by the Appellate Division of the facts implicit in the verdict, the judgment for plaintiff reinstated.