Jasen, J.
 

 Infant plaintiff was a passenger in a car which crossed over into the opposing lane of traffic and struck another vehicle. Of the two persons in the car, the driver was killed, and infant plaintiff, who had been asleep at the time of the accident, was injured. Infant plaintiff brought suit against the owner of the car, Safe Auto Sales, Inc., and the estate of the deceased driver.
 

 There were two trials. At the first, the only evidence as to the cause of the accident was the testimony of a driver who had been following the car in which the infant plaintiff was a passenger. He testified that the back end of the car ‘1 moved back and forth ’ ’ immediately prior to the crossing over of the car into the other lane. The defendant rested without presenting any evidence. The trial court directed a verdict for infant plaintiff and the Appellate Division unanimously reversed and granted a new trial.
 
 [1]
 
 At the second trial, and upon the same evidence, the jury
 
 *164
 
 returned a verdict in favor of the defendants. The Appellate Division affirmed.
 

 We conclude that a reversal and new trial are required solely upon the ground that the charge to the jury in the second trial was improper.
 

 The court’s charge conveyed to the jury the impression that they could not infer negligence solely from the fact that the car crossed over the center line of the road into the opposing lane of traffic, but that they must affirmatively find from other facts in the case that the defendant acted negligently. This impression was clearly erroneous in light of our decision in
 
 Pfaffenbach
 
 v.
 
 White Plains Express Corp.
 
 (17 N Y 2d 132), in which we held that a plaintiff could go to the jury solely by demonstrating that the defendant’s vehicle crossed over the center line into the opposing lane to traffic. Since a plaintiff is entitled to have his cause of action presented to the jury merely by showing the fact of the crossing over, it follows that the jury is permitted to infer from that fact, and from that fact alone, that the defendant driver was negligent.
 

 The jury should have been instructed that the crossing over was a circumstance for their consideration in determining whether the driver had exercised reasonable care in the operation of his vehicle, even though that fact, standing alone, did not necessarily require a finding that he was negligent. (See 1 N Y PJI [1971 Supp.], 2:84.)
 

 Accordingly, the order of the Appellate Division should be reversed and the cause remanded for a new trial.
 

 Chief Judge Fuld and Judges Burke, Breitel, G-abrielli, Jokes and Waghtler concur.
 

 Order reversed and a new trial granted, with costs to abide the event.
 

 [1]
 

 . The order granting a new trial is not reviewable upon this appeal. (CPLR 5501, subd. [a].)