ROBERT SIMMONS, JR., by his Father, ROBERT SIMMONS, SR., Appellant, *v.* EVEREST STILES, Respondent.

Third Department, February 21, 1974.

*Brown, Clements & Silver (Mahlon T. Clements* of counsel), for appellant.

*Willmott, Aylward, Wisner, McAloon & Scanlon (Daniel Scanlon, Jr.,* of counsel), for respondent.

GREENBLOTT, J. P.   This is an appeal from a judgment of the Supreme Court, entered October 6, 1971 in St. Lawrence County, upon a jury verdict rendered in favor of defendant.

On the night of July 7, 1968, plaintiff was riding as a passenger on defendant's motorcycle.   As the vehicle approached a portion of the road which curves to the left up a slight grade, the motor-cycle failed to negotiate the curve, left the road on the right side, and struck a road sign set on steel posts just prior to the curve.   Plaintiff suffered personal injuries and brought this lawsuit to recover for lost wages, medical expenses, and pain and suffering.   Defendant was also injured, leading to amnesia which deprived him of any recollection of the accident.

At the conclusion of the trial and immediately after the court's charge to the jury, plaintiff requested an additional charge that

if the jury found that the vehicle was in defendant's control and if the circumstances were such that an accident would not have occurred in the ordinary course of events if the respondent had used reasonable care under the circumstances, "then the jury would be permitted but is not required to infer negligence from the happening of the accident." The court recognized that plaintiff's request was for a charge of the rule of *Pfaffenbach* v. *White Plains Express Corp.* (17 N Y 2d 132), and denied the request upon the ground that *Pfaffenbach* was inapplicable.

We disagree. In *Pfaffenbach* (*supra*), the plaintiff was a passenger in a northbound automobile which was struck by the defendant's southbound truck when the latter crossed into the northbound lane. The defendant gave no explanation for the accident, and the Court of Appeals said that by "showing this and nothing more, a case of negligence is made out prima facie sufficient to go to the jury to determine liability" (*supra,* p. 135). In *Warrick* v. *Oliver* (38 A D 2d 664), this court applied *Pfaffenbach* in a suit by a passenger against the operator of the vehicle in which plaintiff had been riding when such vehicle left the road and struck a tree, and granted a new trial because the trial court had failed to instruct the jury that the burden of going forward with proof had shifted to the defendant to explain that the accident resulted from conditions over which defendant had no control. Of course, it is not required that the jury infer negligence from the mere happening of the accident — and plaintiff's request recognized this — but it is necessary for the jury to be informed that they have the power to do so without relying upon other facts (*Coury* v. *Safe Auto Sales,* 32 N Y 2d 162). Merely submitting the case to the jury without a proper instruction thwarts the purpose of *Pfaffenbach* (*supra*), and we therefore conclude that the failure to charge as requested constitutes reversible error requiring a new trial.

There is no merit to defendant's contention that plaintiff failed to preserve his right to appeal on this issue. The record establishes that plaintiff's request to charge was made in compliance with CPLR 4017. (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 4017.01; 4017.02; 4017.06; 4017.07; 4017.08.) In any event, since the trial court's failure to charge as requested was "fundamental error", reversal is required in the interest of justice. (See 4 Weinstein-Korn-Miller, par. 4017.09; *Clark* v. *Donovan,* 34 A D 2d 1099.)

In view of our disposition of this case, we need not examine the other contentions put forth by the parties.

The judgment should be reversed, on the law, and a new trial ordered, with costs.

COOKE, SWEENEY, KANE and MAIN, JJ., concur.

Judgment reversed, on the law, and a new trial ordered, with costs.