GAETANO LIVACCARI et al., as Administrators of the Estate of NATALIE L. LIVACCARI, Deceased, et al., Respondents, v MARTHA B. ZAFONTE, Appellant.

Second Department, May 12, 1975

*Mele & Cullen (Joseph D. Ahearn* of counsel), for appellant.

*Kranis & Kranis (Richard Kranis* of counsel), for respondents.

SHAPIRO, J. Natalie Livaccari, the decedent, was a passenger

in a vehicle owned and operated by the defendant. She was injured when the vehicle spun out of control and struck a tree; she died as a result of the injuries so sustained. The jury returned a verdict in favor of the plaintiffs for $85,000 and $5,000 on their causes of action for wrongful death and conscious pain and suffering, respectively. We affirm the finding of liability, but are of the view that the amount awarded for wrongful death is excessive. A new trial is therefore granted as to that cause of action, limited to the question of damages only, unless the plaintiffs consent to a reduction of the verdict to the sum of $50,000 with respect to that cause of action.

The accident occurred at about 2:30 A.M. on October 17, 1970 while the defendant was proceeding in a northerly direction on Cross Bay Boulevard, which has four traffic lanes in each direction. The defendant was the only witness to the accident to testify at the trial. She testified that she had been on Cross Bay Boulevard for 20 or 25 minutes; that she was driving in the second lane from the right at a speed of 40 or 45 miles per hour; that no cars had passed her going in the same direction; and that, shortly before the accident, she noticed headlights directly behind her. She then testified that the other automobile struck her vehicle in the right rear, pushing it to the left and causing the back of her car to swing out; that she applied her brakes; and that she remembers nothing else about the accident.

The defendant's vehicle was found in the far right northbound lane, facing in a southerly direction, after having apparently struck a tree. It had therefore ended up facing in the opposite direction from that in which the defendant was traveling.

The trial court instructed the jury that the defendant was required to exercise reasonable care in the operation and control of her vehicle and that she was under a duty to maintain a reasonably safe speed and to have her vehicle under reasonable control in order to avoid injury or harm to the deceased. The court then stated:

"Insofar as the defendant driver was concerned, the law says the fact that the defendant motorist's car went out of control and struck a tree as claimed by the plaintiffs, if you find that to be a fact, is a circumstance to be taken into consideration in determining whether or not the defendant driver exercised reasonable care in the operation and control

of her vehicle, but does not, standing alone, require that you find that she was negligent. If, taking into consideration all of the facts and circumstances existing at the time of the incident as testified to by the parties and the witnesses in this case and all the other evidence in the case, you find that the car operated by the defendant went out of control and struck a tree as a result of her failure to exercise reasonable care in the operation and control of her vehicle, your finding will be that she was negligent.

"On the other hand, if you find that the defendant's car, in going out of control and striking a tree, did not result from her failure to exercise reasonable care in the operation and control of her vehicle, your finding will be that she was not negligent."

No exception to the charge was taken by the defendant. The jury returned a unanimous verdict in favor of the plaintiffs.

### THE LAW

It is not disputed that, in a death action, the plaintiff is not held to the same degree of proof required in a case where the injured party can testify *(Noseworthy v City of New York,* 298 NY 76). It is also true that, under ordinary circumstances, the mere happening of an accident does not give rise to an inference of negligence *(Lahr v Tirrill,* 274 NY 112, 117; *Abbott v St. Luke's Mem. Hosp. Center,* 38 AD2d 176, 179).

Relying upon that rule of law, and presumably upon such cases as *Morales v Kiamesha Concord* (43 AD2d 944) and *Tortora v State of New York* (269 NY 167), the dissenters state that the plaintiffs failed to prove any negligence on the defendant's part. Those cases do stand for the proposition that where there are several possible causes of injury for one or more of which the defendant may not be responsible the defendant cannot be cast in damages. That theory was also formerly applied in automobile cases where the accident was caused by a sudden swerve of the automobile and in cases where the automobile veered from the roadway and the plaintiff presented no proof to show that the swerve was caused by the negligence of the operator. The theory underlying that rule was that the swerve could just as likely have been caused by a defect in the automobile as by its negligent operation *(Galbraith v Busch,* 267 NY 230). However, the far-fetched rationale of the *Galbraith* case was set aside and a rule more in keeping with common sense and reality was

enunciated in *Pfaffenbach v White Plains Express Corp.* (17 NY2d 132). There, the plaintiff, a passenger in an automobile proceeding in a northerly direction, was injured when the defendant's truck, proceeding in the southbound lane, crossed the highway and struck the car in which the plaintiff was riding. The Appellate Division reversed a judgment in favor of the plaintiff and dismissed the complaint on the ground that all that the plaintiff had established was the manner in which the accident occurred without offering any proof as to the reason for the defendant's truck having swerved from its proper path. The Trial Term's judgment was reinstated by the Court of Appeals on the ground that "when a vehicle comes over onto the wrong side of the road and damage results" (p 135), a prima facie case of negligence is made out against the driver and that "the same rule * * * would apply to the passenger in a car which goes out of control" (p 135). The court stated that the theory behind the decision in *Galbraith v Busch (supra)* had been "sapped of all practical application to the real world of motor vehicle operation" (pp 135–136; see, also, *Coury v Safe Auto Sales,* 32 NY2d 162).

In this case, if the jury did not accept the defendant's story that she lost control because she was hit in the rear by an automobile—which of course it had the right to do—then the only proof left in the record establishes that her car veered from its normal path, hit a tree and was facing in the opposite direction from that in which it had been proceeding. Upon those remaining facts the jury was warranted in drawing the inference that the defendant had been negligent in the operation of her motor vehicle.* The verdict as to liability is therefore sustained.

Although I have repeatedly espoused the view that, except in extraordinary circumstances, we should not, as an appellate court, second-guess a jury in its fixation of damages, in this case of an 18-year-old decedent who was earning $470 a month and who, in the normal course of events, would sooner or later probably have gotten married, the $85,000 jury verdict on the

---

* In his dissenting opinion, Mr. Justice CHRIST distinguishes the *Pfaffenbach* case (17 NY2d 132) because there "the defendant chose to remain silent" whereas here the defendant gave an explanation for the accident. The dissent, however, overlooks the statement in *Pfaffenbach* that "the explanation of the defendant, if he gives one, will also usually be for the jury" (p 135). That rule should be applied here where the jury had a right to take into account the defendant's interest in the outcome of the case and in judging her credibility had a right to find that the "phantom" other automobile was a figment of the defendant's imagination.

cause of action for wrongful death was excessive. Accordingly, the judgment should be affirmed as to the cause of action for conscious pain and suffering, but reversed and a new trial granted, limited solely to the issue of damages, on the cause of action for wrongful death, unless the plaintiffs stipulate to a reduction of the verdict on that cause of action to $50,000, in which event, the judgment as so modified should be affirmed, but without costs, in view of the inadequacy of the respondents' brief.

CHRIST, J. (dissenting). I dissent and vote to reverse the judgment and dismiss the complaint.

The plaintiffs' decedent died of injuries sustained while a passenger in an automobile owned and operated by the defendant. The car was proceeding on Cross Bay Boulevard at about 2:30 A.M. on a clear, dry morning when it spun out of control, struck a tree and ended up facing in the opposite direction on the side of the road. The only witness to the accident was the defendant. She testified that she was driving at about 40 or 45 miles per hour in a 40-mile per hour zone when she noticed an unidentified car approach her from the rear. She stated that that car hit her vehicle in the right rear, causing it to spin out and she lost control, resulting in this tragic accident. The defendant lost consciousness upon impact and was seriously injured. The record reveals that the defendant's testimony was corroborated by the introduction of photographs which show that her car was damaged in the right rear, although the car window on that side was not shattered. The photographs are strong evidence that another car struck the right rear and that this damage was not caused by the impact with the tree. Two other witnesses for the defendant testified that her car was not so damaged when they saw it shortly before the accident.

It is true that a plaintiff in a death action is not held to the same degree of proof required in a personal injury action, but there still must be a showing of negligence, however slight *(Noseworthy v City of New York,* 298 NY 76; *Wank v Ambrosino,* 307 NY 321). The fact that the defendant candidly admitted to driving five miles above the speed limit does not, itself, constitute negligence. The essentials of unreasonableness and proximate cause are still prerequisites, even in a wrongful death case *(Cole v Swagler,* 308 NY 325, 329–331).

This is not a situation such as existed in *Pfaffenbach v White Plains Express Corp.* (17 NY2d 132), where the defendant chose to remain silent, leaving an insurmountable burden upon the absent party to show the cause of the accident. Rather, the defendant, the only eyewitness, offered a reasonable explanation which is supported by the uncontroverted persuasive physical proof introduced at the trial. Rejecting this evidence, as the majority does, allows a jury to infer negligence on defendant's part upon any number of unexplained theories. Such a position would impose upon the defendant a liability springing solely from the fact that there was an accident. It completely disregards the only evidence as to how the accident happened and, in fact, makes the driver an insurer of the passenger's safety, regardless of the driver's freedom from negligence. This certainly is unwarranted in this case since the defendant's evidence is uncontradicted and corroborated. Accordingly, I would reverse the judgment and dismiss the complaint.

MARTUSCELLO, Acting P. J., and COHALAN, J., concur with SHAPIRO, J.; CHRIST, J., dissents and votes to reverse the judgment and dismiss the complaint, with an opinion, in which LATHAM, J., concurs.

Judgment of the Supreme Court, Kings County, entered April 19, 1974, reversed insofar as it is in favor of plaintiffs upon the jury verdict of $85,000 for wrongful death, on the law, and said cause of action severed and new trial granted solely on the issue of damages, with costs to abide the event, unless, within 30 days after entry of the order to be made hereon, plaintiffs shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict for wrongful death to $50,000 and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and amended, is affirmed as to said cause of action, without costs.

Judgment affirmed insofar as it is in favor of plaintiffs upon the jury verdict of $5,000 upon the cause of action for conscious pain and suffering, without costs.