■ A. I. CREDIT CORP., Respondent, v SONNY GROSSFELD et al., Defendants, and STUYVESANT INSURANCE Co., Defendant-Appellant and Third-Party Plaintiff, et al., Third-Party Defendants.—Order, Supreme Court, New York County, entered January 24, 1977, denying defendant Stuyvesant Insurance Co.'s motion for summary judgment dismissing the complaint, is unanimously affirmed, without costs and without disbursements. We note that the letter of November 14, 1974, purports to transmit to appellant a copy of "Notice of Financed Premium sent to Stuyvesant Insurance Co". (See *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404.) Concur—Kupferman, J. P., Silverman, Lane and Markewich, JJ.

■ JUDITH A. BISHOP, Respondent, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants.—Judgment, Supreme Court, New York County, entered January 24, 1977, awarding plaintiff damages in the amount of $1,500,000, is unanimously reversed, on the law and the facts, and a new trial directed with respect to the issue of damages only, without costs and without disbursements, unless within 20 days of entry of the order to be made hereon, plaintiff Judith Bishop shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in her favor to $750,000, and to the entry of an amended judgment in that amount, in which event, the judgment, as so reduced and amended, is affirmed, without costs or disbursements. The proceedings are the result of an accident to a bus when the vehicle driven by defendant Reiman, and owned by defendants Metropolitan Transportation Authority and Westchester Street Transportation Co., left the road, causing plaintiff to lose a foot and suffer other physical injuries. At trial, plaintiff offered in evidence a toxicologist's report showing the driver's alcohol level to be 0.10%. The defense objected "on the grounds that it is not a certified copy" (CPLR 2306). The trial court overruled the objection and admitted the exhibit in evidence. It appears now that the exhibit is missing, thus making it impossible for this court to ascertain whether it was in proper form to be accepted in evidence. However, we need not consider at this juncture whether receipt of the exhibit constituted reversible error for, even without proof of the driver's condition, plaintiff made out a prima facie case by proof that the bus was driven off the road; defendant supplied no explanatory evidence sufficient to overcome plaintiff's showing. (See *Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132.) Plaintiff at the time of the accident was a 23-year-old housewife with two small children, working part-time for the New York City Health and Hospitals Corporation and earning about $4,000 per year. The court charged the jury that, for their guidance in assessing damages, the plaintiff's life expectancy was 46.9 years, with a work expectancy of 37.4 years. Concededly, the injuries were extensive and will be permanent; however, the award here is clearly excessive to the extent indicated. Concur—Silverman, J. P., Evans, Lane and Markewich, JJ.