■ ARTHUR NOVIS, as Administrator of the Estate of EVELYN NOVIS,

Deceased, Appellant, v JANET SHEINKIN et al., Respondents. (And a Third-Party Title.)—In a negligence action to recover damages for wrongful death, etc., in which a judgment in favor of the defendants Sheinkin was entered upon a jury verdict, plaintiff appeals from an order of the Supreme Court, Nassau County, dated June 21, 1976, which denied his motion to set aside the verdict and to grant him a new trial. Order reversed, on the law, motion granted, judgment vacated, and new trial granted as between plaintiff and defendants Sheinkin, with costs to abide the event. Liability in this action was predicated upon an accident resulting from the defendants-respondents' vehicle crossing a divided highway into oncoming traffic. At the conclusion of the trial, counsel for the plaintiff-appellant, the estate of a deceased passenger, citing *Pfaffenbach v White Plains Express Corp.* (17 NY2d 132), requested that the court charge: "The fact that the motor vehicle operated by the defendant * * * came into the eastbound lane of [the] highway and struck the car of [the third-party defendants] going eastbound, is sufficient to make out a prima facie case of negligence to go to the jury". The court refused to so charge in words or substance. In our opinion, this was error. The court's charge failed to apprise the jurors that they could infer negligence solely from the fact that the defendants' car crossed the center divider into the oncoming lane of traffic, and thus clearly implied that in order to sustain a plaintiff's verdict, they must affirmatively find from other facts in the case that the defendant Janet Sheinkin was negligent in the operation of her vehicle. This impression was clearly erroneous in the light of the Court of Appeals holding in *Pfaffenbach (supra)* that a plaintiff's case could go to the jury *solely* by demonstrating that the defendant's vehicle crossed the center line into the opposing lane of traffic. As was stated in *Coury v Safe Auto Sales* (32 NY2d 162, 164): "Since a plaintiff is entitled to have his cause of action presented to the jury merely by showing the fact of the crossing over, it follows that the jury is permitted to infer from that fact, and from that fact alone, that the defendant driver was negligent." (Accord *Livaccari v Zafonte,* 48 AD2d 20, app withdrawn 37 NY2d 807; *Simmons v Stiles,* 43 AD2d 417.) The situation is no different where, as here, an explanation as to the happening of the accident has been offered (see *Pfaffenbach v White Plains Express Corp., supra,* p 135; *Livaccari v Zafonte, supra,* p 21). The rule of *Pfaffenbach* is, after all, merely a specific application of the doctrine of *res ipsa loquitur* to a particular class of automobile negligence cases (see, e.g., *Galbraith v Busch,* 267 NY 230, 234-235) and it is well established, under the cited doctrine, that neither the presence of an explanation by the defendant, nor the proof or attempted proof of any specific acts of negligence on the part of the defendant by the plaintiff, will preclude a *res ipsa* charge (see *Abbott v Page Airways,* 23 NY2d 502, 512-514; *Foltis, Inc. v City of New York,* 287 NY 108, 118; see, also, Richardson, Evidence [Prince, 10th ed], § 93; Fisch, New York Evidence [2d ed], § 1137). To quote again from the Court of Appeals decision in *Coury (supra,* p 164): "The jury should have been instructed that the crossing over was a circumstance for their consideration in determining whether the driver had exercised reasonable care in the operation of his vehicle, even though that fact, standing alone, did not necessarily require a finding that he was negligent. (See 1 N Y PJI [1971 Supp.], 2:84.)" Submitting the case to the jury without a proper instruction thwarted the purpose of *Pfaffenbach* and, in our opinion, requires a new trial. We have considered the remaining contentions and find them to be lacking in merit. Gulotta, P. J., Latham, Damiani and O'Connor, JJ., concur; Cohalan, J., dissents and votes to affirm the order.