person who applies for public assistance of the eligibility requirements for public assistance (18 NYCRR 355.1 [a]). Respondents failed to do this. "In view of petitioner's affirmative testimony and evidence adduced at the hearing, the respondent's determination cannot be said to rest upon substantial evidence. Nor, can it be said that petitioner was afforded a fair hearing under principles enunciated in *Goldberg v. Kelly* (397 U.S. 254) and *Matter of 125 Bar Corp. v. State Liq. Auth.* 24 N Y 2d 174)" *(Matter of Privitera v Lavine,* 45 AD2d 915). (Article 78 proceeding transferred by order of Monroe Supreme Court.) Present—Dillon, P. J., Cardamone, Simons, Doerr and Witmer, JJ.

■ INSURANCE COMPANY OF NORTH AMERICA, as Subrogee of WILLIAM ZASTAWNY, Respondent, v CITY OF SYRACUSE, Appellant.—Order and judgment unanimously reversed, with costs, and motion denied. Memorandum: In this negligence action by the insurer-subrogee of William Zastawny, the owner of an automobile, to recover damages to the automobile, it is alleged that at 3:05 A.M. on December 21, 1976 the vehicle was lawfully parked next to the curb on Comstock Avenue when it was struck and damaged by a truck owned by defendant City of Syracuse and operated with its permission by its employee engaged in sanding and snowplowing the highway, and it is alleged that the driver negligently operated the truck at a rate of speed too fast for the conditions. The city answered and denied that its employee was negligent. Plaintiff moved for summary judgment and supported the motion by the affidavit of its attorney to which was attached a copy of the police accident report and some correspondence which indicated the amount of plaintiff's damage. Defendant responded to the motion by submitting the affidavit of its driver that at the time of the accident he was driving the city truck "at a very slow rate of speed" and that "the pavement was very icy and caused my [his] vehicle to slide". Defendant acknowledged that plaintiff's vehicle was not responsible in any way for the accident. Upon that record, City Court granted plaintiff's motion for summary judgment, and County Court affirmed the order. The fact that the truck crossed over to its wrong side of the road "made out prima facie [a case in negligence] sufficient to go to the jury to determine liability. The explanation of the defendant, if he gives one, will also usually be for the jury" *(Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132, 135). The fact of "skidding", without explanation compatible with freedom from negligence, may present a prima facie case in negligence when the plaintiff is not a passenger in the operator's vehicle *(Pfaffenbach v White Plains Express Corp., supra,* concurring opn, p 136). Here the affidavit of the defendant's driver that he was proceeding at a very slow rate of speed and that the pavement was very icy and caused his vehicle to slide, presented questions of fact for a jury, and the court erred in granting summary judgment to plaintiff *(Ugarriza v Schmieder,* 46 NY2d 471; *Coury v Safe Auto Sales,* 32 NY2d 162; *Pfaffenbach v White Plains Express Corp., supra).* (Appeal from order and judgment of Onondaga County Court—summary judgment.) Present—Dillon P. J., Cardamone, Simons, Doerr and Witmer, JJ.

■ SYRACUSE ASSOCIATES, Respondent, v TOUCHETTE CORPORATION, Appellant. (Appeal No. 1.)—Judgments unanimously affirmed, with costs. Same memorandum as in *Syracuse Assoc. v Touchette Corp.* (73 AD2d 813). (Appeals from judgments of Onondaga Supreme Court—eviction.) Present—Dillon, P. J., Cardamone, Simons, Doerr and Witmer, JJ.

■ SYRACUSE ASSOCIATES, Respondent, v TOUCHETTE CORPORATION et al., Appellants. (Appeal No. 2.)—Judgment, insofar as it awards counsel fees