■ RANDOLPH PRETTO et al., Appellants, v IRENE K. LEIWANT et al., Respondents, et al., Defendant. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal (1) from an order of the Supreme Court, Queens County, dated May 31, 1979, which denied their motion to set aside the jury verdict in favor of defendants Leiwant and (2) from so much of a judgment of the same court, entered July 30, 1979, as is in favor of defendants Leiwant. Appeal from the order dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment reversed insofar as appealed from, on the law and the facts, order dated May 31, 1979 vacated, motion granted and, as between plaintiffs and respondents, action severed and new trial granted, with costs to abide the event. Under the posture of the proof adduced at the trial by the defendant Sherry Leiwant (hereafter defendant) and her witnesses, the verdict in her favor was contrary to the weight of the evidence. The defendant failed to present any evidence to explain the loss of control of the motor vehicle which she was operating in an easterly direction on Northern Boulevard in Upper Brookville, New York, on April 24, 1976. In describing the occurrence, she testified: "I was coming eastward on Northern Boulevard and came over a hill, *saw a red light, down the hill, and started to stop.* I put my foot on the brake, and, as I was braking, I skidded very badly into the lanes of oncoming traffic." (Emphasis added.) The traffic

light to which the defendant referred was located at the intersection of Wolver Hollow Road, which was about 200 yards eastward and moderately downgrade from the top of the hill, from which point she started to apply her brakes. Warren Cook, the passenger riding with the defendant, called as a witness on her behalf, testified that after she had applied the brakes, the car skidded for a distance of about 50 to 70 yards in the eastbound lane of traffic in which she had been proceeding before it continued into the opposite lanes of the westbound traffic to the point of contact with the motor vehicle in which the plaintiffs were riding. The additional distance which the defendant's vehicle moved in the opposite lane of traffic before it struck the plaintiffs' automobile was approximately 100 yards. Another witness, Gunars Novickis, who had also been driving in the westbound lane of traffic and who had seen the accident, when called to testify on behalf of the defendant, described the movement of her automobile as follows: "I saw the other car that was traveling eastbound shooting across our westbound lanes." The highway was straight and there was no evidence of any defect in either the car or the driving surface. Notwithstanding that it had previously rained and the road was still wet, the defendant was, nevertheless, under a duty to operate her automobile with reasonable care having regard to the actual and potential hazards existing from weather, road, traffic and other conditions, and to maintain a reasonable rate of speed and proper control of her vehicle under the conditions prevailing. Viewing the defendant's evidence in its best possible light, her "explanation" (if it may be termed such), that, in her attempt to stop her car for a red light located about 200 yards away, from a speed not in excess of 35 miles per hour, she skidded for the inordinate distance of 150 to 170 yards across two opposing lanes of traffic is unpersuasive, especially when coupled with the testimony of one of her eyewitnesses that he saw the defendant's vehicle "shooting across" the westbound lanes. Rather than exculpating the defendant, the totality of the evidence compels the inference that the defendant was negligent in the operation and control of her automobile and renders the resulting verdict in her favor contrary to weight of the evidence. (See *Coury v Safe Auto Sales,* 32 NY2d 162; *Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132; see, also, *Cohen v Hallmark Cards,* 45 NY2d 493.) Further, it was error to bar cross-examination by plaintiffs' counsel of the passenger in respondents' car as to whether he had settled his personal injury claim against respondents. It is permissible to establish on cross-examination that an adversary witness has settled a claim against the party calling him to testify to show bias. (See *Keet v Murrin,* 260 NY 586; Richardson, Evidence [Prince, 10th ed], § 503.) Since, under the circumstances of this case, it was indicated that plaintiffs suffered retrograde amnesia, upon the new trial the issues of liability and damages should be tried together. Damiani, J. P., Gibbons and Gulotta, JJ., concur.

Mangano, J., concurs as to the dismissal of the appeal from the order, but otherwise dissents and votes to affirm the judgment insofar as appealed from, with the following memorandum: The evidence adduced at trial showed that on April 24, 1976, defendant Sherry Leiwant (hereafter defendant) was driving east on Northern Boulevard in Nassau County. It had been raining and the roadway was wet. As she approached the intersection of Wolver Hollow Road,* where the traffic light was red, the car she was operating skidded, crossed over into the opposite lanes of traffic, and col-

---

* From a point approximately 200 yards west of this intersection, Northern Boulevard slopes downward toward the intersection.

lided with plaintiff Traugot's vehicle. At trial, plaintiffs only presented circumstantial evidence of defendant's negligence. On her own case, defendant Sherry Leiwant testified that she had been braking her car for the red light when it began "skidd[ing] very badly into the lanes of oncoming traffic." She also testified that all attempts to gain control of the car before impact with plaintiff Traugot's vehicle had proven unsuccessful. In essence, this constituted defendant Sherry Leiwant's complete explanation of the subject accident. Proof of a car skidding onto the wrong side of the road is prima facie proof of negligence by the car's driver. *(Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132, 135.) Thus, "a plaintiff [can] go to the jury solely by demonstrating that the defendant's vehicle crossed over the center line into the opposing lane [of] traffic. Since a plaintiff is entitled to have his cause of action presented to the jury merely by showing the fact of the crossing over, it follows that the jury is permitted to infer from that fact, and from that fact alone, that the defendant driver was negligent * * * [Nevertheless,] that fact, standing alone, [does] not necessarily require a finding that [defendant] was negligent [citation omitted]." *(Coury v Safe Auto Sales,* 32 NY2d 162, 163.) This rule is an application of the doctrine of *res ipsa loquitur* to a particular class of automobile negligence cases. *(Novis v Sheinkin,* 60 AD2d 623, 624.) As such, "[it] is essentially a rule of evidence which permits, but does not require, the jury to infer on the basis of circumstantial evidence that an unusual occurrence resulted from the defendant's negligence [citation omitted]. The jury has great latitude in this type of case and, should the plaintiff prove a prima facie case, would nonetheless be justified at law in finding for defendant *(George Foltis, Inc. v. City of New York,* 287 N.Y. 108). *Even where the defendant offers no proof, it is still for the jury to decide, on plaintiff's proof, whether liability has been established (Judd v. Sams,* 270 App. Div. 981, affd 296 N.Y. 801)." *(Chisholm v Mobil Oil Corp.,* 45 AD2d 776, emphasis added; see, also, *Lo Piccolo v Knight of Rest Prods. Corp.,* 7 AD2d 369, 374, affd 9 NY2d 662.) In the case at bar, despite plaintiffs' prima facie showing of defendant's negligence and defendant's failure to come forward with an explanation for the subject accident, the jury, as the trier of the facts, was not required to resolve the issue of negligence against defendant. Furthermore, "If a jury's verdict is in defendant's favor, a motion to set such verdict aside as contrary to the weight of the evidence stands on a different footing than a motion to set aside a jury's verdict in plaintiff's favor. When the motion is by the plaintiff to set aside a verdict in favor of defendant, the motion should not be granted unless the evidence preponderated so greatly in plaintiff's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence *(Olsen v. Chase Manhattan Bank,* 10 AD 2d 539, 544, affd 9 NY 2d 829; *Areson v. Hempstead Bus Corp.,* 14 AD 2d 790; *Musumeci v. Pillsbury Mills,* 12 AD 2d 941; *Holpp v. Carafa,* 8 AD 2d 618)." *(Pertofsky v Drucks,* 16 AD2d 690.) Thus, once presented with a prima facie case of negligence, the jury was free to conclude that defendant Sherry Leiwant acted negligently and caused the subject accident, or that conditions beyond her control, e.g., the wet roadway, were the actual cause. (Cf. *Noia v De Rosa,* 78 AD2d 789; *Fagle v Bell,* 65 AD2d 887.) These were matters for the jury as trier of the facts, which it resolved in defendant's favor. In my view, therefore, Special Term properly decided not to substitute its judgment for that of the jury. Accordingly, I would affirm the judgment appealed from.