## (October 29, 1981)

■ ANDORA H. EVELETH, Appellant-Respondent, v MURRAY BARNETT, Respondent-Appellant, and ALFRED ESANNASON et al., Respondents. — Order, Supreme Court, New York County (Fraiman, J.), entered March 24, 1980, which, *inter alia,* (1) denied plaintiff's motion to set aside the verdict of the jury in favor of the plaintiff in the amount of $50,000 and to direct a new trial on the issue of damages, (2) denied plaintiff's motion to set aside the verdict of the jury in favor of the defendant Barnett and to direct a verdict against said defendant, (3) granted the motion of the defendants Esannason and Watkins to set aside the jury verdict against them and in favor of the defendant Barnett, and (4) ordered a new trial on the issue of liability only against all three defendants, unanimously modified, on the law and the facts, without costs or disbursements, to reverse the order to the extent of reinstating the jury verdict on the issue of liability, setting aside the jury verdict on the issue of damages, and directing a new trial on the issue of damages only against the defendants Esannason and Watkins, and otherwise affirmed. Plaintiff was a passenger in the Barnett car when it skidded into the rear of a car owned by Watkins and driven by Esannason. The jury, faced by conflicting versions of the accident, credited that of Barnett and discredited that of Esannason. Its verdict should not have been disturbed by the trial court unless it could not be supported by any fair interpretation of the evidence (*Olsen v Chase Manhattan Bank,* 10 AD2d 539, affd 9 NY2d 829). We find that the jury might well have concluded from the evidence that Barnett could not have reasonably avoided the accident; that it occurred when, driving at 25 to 30 miles an hour with limited visibility on a rainy, foggy night, he was suddenly confronted by the Esannason car which had stopped, unlighted, in his traveling lane a distance of 60 to 75 feet away; that Barnett could not turn into the adjacent lane because of a car approaching from the rear in that lane; and that, first having intended to turn to the left and having the immediate impression that the Esannason car was moving away from him, Barnett momentarily delayed applying full brake pressure. Upon this view of the evidence it was within the province of the jury to have found, as it did, that the accident happened solely through the negligence of Esannason in stopping his unlighted car on the highway. The liability arising from the interplay of fast-moving events related to the control of automobiles in such circumstances should be left to the judgment of a jury (*Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132, 136; see, also, *Lonstein v Onondaga Frgt. Corp.,* 265 App Div 978, affd 290 NY 735). We find no merit to the claim on appeal that evidentiary rulings by the trial court unduly restricted plaintiff in the proof of her damages. We do find, however,

that the trial court erred in charging the jury that, in making an award, it could not take into account any diminution of future earnings as that would be covered by no-fault benefits. The verdict, therefore, must necessarily have been tempered by the jury's belief that plaintiff would receive benefits which, in fact, she is not entitled to receive. In consequence, a new trial on the issue of damages is necessary. Concur — Murphy, P. J., Ross, Markewich, Bloom and Lynch, JJ.