■ Joan Learn et al., Appellants, v Bicentennial Wagon Train, Respondent, and Norman Deep, Defendant and Third-Party Plaintiff-Respondent. Aitkin Kynette, Inc., et al., Third-Party Defendants-Respondents. (And Another Third-Party Action.) — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Rubenfeld, J.), entered May 7, 1981, which was in favor of the defendants and against them, upon a jury verdict. Judgment affirmed, without costs or disbursements. The rule set forth in *Pfaffenbach v White Plains Express Corp.* (17 NY2d 132), permitting an inference of negligence solely from the fact that the defendant's motor vehicle went off the road causing damage, is not applicable in the case where a team of horses bolts and pulls its wagon off the road injuring a bystander. Titone, J. P., Mangano and O'Connor, JJ., concur.

Weinstein, J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum: Defendant Norman Deep was the driver of one team of horses within the defendant Bicentennial Wagon Train. Deep had been advised by a veterinarian not to use a horse named Gertrude on the day of the incident in question; Gertrude had sores on her neck at the place where her collar would rest. Nonetheless, Deep elected to participate in the wagon train with Gertrude as part of his team of horses. Immediately upon Deep's horses' entering the public thoroughfare, where a crowd of spectators had gathered to watch the wagon train, the horses bolted, charged into the crowd, and knocked over and injured plaintiff Joan Learn. The cause of the horses' bolting could not be clearly established at trial. It might have been irritation from Gertrude's sores, the horses becoming startled or frightened by an automobile that passed near them, or some other reason. Therefore, the plaintiffs requested that the court charge the jury pursuant to *Pfaffenbach v White Plains Express Corp.* (17 NY2d 132), which held that negligence can be inferred from the mere fact that an automobile crossed the center line of a roadway (see *Coury v Safe Auto Sales,* 32 NY2d 162; *Novis v Sheinkin,* 60 AD2d 623). The court refused to give such a charge, and the jury returned a verdict in favor of defendants. Although it has been held that the *Pfaffenbach* rule is applicable to airlines (see *Matter of Ryan v General Elec. Co.,* 31 AD2d 191, 193, affd 26 NY2d 6), the question of whether it can be applied to a team of horses has never been decided until today. The majority holds that the *Pfaffenbach* rule cannot be so applied. In *Cadwell v Arnheim* (152 NY 182, 189), the Court of Appeals held that "[t]here is no rule of law, which compels a person driving horses upon a highway absolutely to keep them under control. He is bound only to exercise that reasonable degree of diligence and care, which a man of ordinary prudence might be expected to exercise under the same circumstances." But just as *Pfaffenbach* constituted a significant alteration of what had been the law (cf. *Galbraith v Busch,* 267 NY 230), I believe that it is time to change the rule of *Cadwell v Arnheim (supra). Cadwell* was decided in 1897 and, technically, is still the law of this State. However, rigid and blind adherence to the principle of *stare decisis,* at the expense of justice, can never be tolerated. " 'From the very nature of law and its function in society, the elements of certainty, stability, equality, and knowability are necessary to its success, but reason and the power to advance justice must always be its chief essentials; and the principal cause for standing by precedent is not to be found in the inherent probable virtue of a judicial decision, it "is to be drawn from a consideration of the nature and object of law itself, considered as a system or a science".' (Von Moschzisker, Stare Decisis in Courts of Last Resort, 37 Harv L Rev 409, 414.)" (*People v Hobson,* 39 NY2d 479, 488.) A horse may bolt for any one of many reasons, the negligence of its

owner or driver being only one of them. But the same is true for an automobile or airplane. Pursuant to the *Pfaffenbach* rule, a defendant is entitled to counter the inference of negligence with his own theory as to causation, the resulting question of fact then to be resolved by the jury (see *Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132, 135, *supra*). Here, too, I believe plaintiffs were entitled to a charge to the effect that the bolting of the horses in and of itself constituted prima facie evidence of negligence. It would then have been up to the jury to ascertain whether that evidence had been countered. I recognize that accidents do happen, and that "the law has long recognized that it need not provide relief for every injury suffered" (*Howard v Lecher,* 42 NY2d 109, 111). However, it is my view that in this case, the totality of the circumstances should create a rebuttable inference that defendants acted negligently, and that the jury should have been instructed to draw such an inference if it believed it was warranted. I vote to grant plaintiffs a new trial.