■ IAN BOYD et al., Plaintiffs, v ROBERT BLESSEY et al., Defendants. (Action No. 1.) ROBERT BLESSEY et al., Appellants, v JOSEPH F. WHELAN Co., INC., et al., Respondents. (Action No. 2.) — In consolidated negligence actions to recover damages for personal injuries, etc., plaintiffs in action No. 2, Robert and Margaret Blessey, appeal from so much of a judgment of the Supreme Court, Kings County (Fischer, J.), dated June 1, 1982, as was in favor of defendants Joseph F. Whelan Co., Inc., and Ian Boyd, upon a jury verdict, after a trial on the issue of liability only. Judgment reversed, insofar as appealed from, on the law and in the interest of justice, action No. 2 severed and new trial granted to plaintiffs in said action, with costs to abide the event. This litigation arises out of an automobile accident involving a Mack truck, owned by Joseph F. Whelan Co., Inc. (Whelan), and operated by its employee, Ian Boyd (Boyd), and a Toyota, owned by Lucille Blessey and operated by her father-in-law, Robert Blessey (Blessey). The collision of the two vehicles occurred in the eastbound roadway of the Cross-Westchester Expressway when Boyd, traveling in a westbound lane, lost control of his truck, struck the median guardrail, flipped

over and landed in the eastbound roadway, where Blessey was traveling. The parties sued each other and, after a bifurcated trial on the issue of liability only, the jury returned a verdict exonerating both parties of negligence. Blessey moved to set aside that part of the verdict which was in favor of Whelan and Boyd but the court denied the motion. Blessey appeals. In his summation, counsel for Whelan and Boyd stated in referring to Blessey: "Now you have a gentleman whose [sic] 72 years old. God bless him. You can see the kind of health he's in. The shape he's in. This accident could have been a disaster. It wasn't. I say thank God it wasn't one of these horrible accidents, and let's not try and spend another ten days here while he tries to get paid for all his little maladies". In a bifurcated trial where proof of injury was not at issue, counsel's statement was highly inflammatory and created an impression that Blessey had in fact sustained no injury. Blessey's counsel duly objected, and although the court sustained the objection, it gave no curative instruction to the jury until after summations (more than 60 transcript pages later) and then only in these words: "And in that regard there's been some discussion by these gentlemen in the heat of summation here about getting this over. We're not sitting here to get anything over. We're here, as you are well aware, as the gentlemen are aware, to apply an objective judgment to two gentlemen who asked our judgment in this proceeding". The court's instruction was insufficient to cure the prejudice caused by counsel's statement, and in any event was given too late. The prejudice created by this statement could only have been strengthened by errors committed by the trial court in its charge to the jury. Thus, the court continued the emphasis on the element of injury, charging the jury that "when a person charges negligence they [sic] must also establish that the negligence was a proximate cause of injury * * * that a negligent act or a failure to act is the proximate cause of an *injury* if it's a substantial factor in causing *injury*. That is if it produced *injury* in such manner that a reasonable person would regard the negligent conduct as a cause of *injury*" (emphasis added). The proper charge as to proximate cause at the liability phase of trial is in terms of *accident,* not *injury,* and proof of injury must be reserved for the damage phase of trial (see 22 NYCRR 699.14). Furthermore, with respect to the truck's crossing of the median, the court charged the jury that such a violation of the Vehicle and Traffic Law "constitute[s] negligence unless failure to comply with [the] statute is excused by evidence that the driver of the offending vehicle, the vehicle that violated the Vehicle and Traffic Law, did in fact exercise reasonable care under the circumstances". The court failed, however, to charge pursuant to *Pfaffenbach v White Plains Express Corp.* (17 NY2d 132) that when a vehicle crosses over onto the wrong side of the road, as in the instant case, the jury could infer from that fact, and from that fact alone, that the defendant driver was negligent (see, also, *Coury v Save Auto Sales,* 32 NY2d 162). These errors in the charge, coupled with the highly inflammatory statement in opposing counsel's summation, militated to deprive Blessey of a fair trial. Although Blessey's counsel did not object to the charge to the jury as he did to the summation, we think that the cumulative adverse effect of these errors warrants a reversal. Brown, J. P., Niehoff, Rubin and Boyers, JJ., concur.