■ DANIEL J. TOMASELLI et al., Appellants, v ARTHUR E. GOLDSTEIN, Respondent. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Pantano, J.), entered June 15, 1983, which, upon a jury verdict, was in favor of defendant.

Judgment reversed, on the law and as a matter of discretion, and new trial granted, with costs to abide the event.

This litigation arises out of an automobile accident resulting from defendant's vehicle crossing over a divided highway into oncoming traffic. In a bifurcated trial to determine the issue of liability only, plaintiff Daniel Tomaselli (hereinafter plaintiff) stated that he was proceeding north on the Cross Island Parkway. He could not remember the accident and his first memory after driving north on the parkway was talking to a police officer sometime after the accident.

Defendant testified that he was driving in the center southbound lane of the Cross Island Parkway. He was traveling about 40 miles per hour when he started to pass a car on his right. Suddenly, the car on the right swerved into defendant's lane. Defendant swerved left in order to avoid contact. However, as he was doing so, the other car sideswiped him. Defendant applied his brakes, but he lost control of the car and "took off like an airplane" and crossed over. The car jumped over the metal divider in the center of the parkway and landed in the middle of the northbound lanes where it collided with plaintiffs' vehicle. The jury found, in a unanimous verdict, that defendant was not liable.

Two errors in the trial court's charge warrant reversal. First, the court refused plaintiffs' request to charge the provisions of subdivision (c) of section 1120 of the Vehicle and Traffic Law which prohibit vehicles from driving to the left of the center line of the roadway. It is undisputed that defendant's vehicle was left of the center line of the parkway and he was therefore in violation of the law. An unexcused violation of the Vehicle and Traffic Law is negligence (*Martin v Herzog,* 228 NY 164; *Aranzullo v Seidell,* 96 AD2d 1048; see PJI, 2:26). There was no

reason why the court should not have charged the section of the law requested. The fact that defendant offered an excuse is a factor to be considered by the jury (see PJI, 2:27).

The trial court also failed to charge that when a vehicle crosses over onto the wrong side of the road, as in the instant case, the jury could infer from that fact alone, that the defendant was negligent (*Coury v Safe Auto Sales,* 32 NY2d 162; *Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132; *Boyd v Blessey,* 96 AD2d 816; *Novis v Sheinkin,* 60 AD2d 623; see PJI, 2:84). As with the charge on the Vehicle and Traffic Law, such a charge does not require a finding of negligence since the jury would be instructed to also consider any explanation by defendant (*Coury v Safe Auto Sales, supra,* p 164; *Pfaffenbach v White Plains Express Corp., supra,* p 135).

Plaintiffs' counsel did not specifically request the latter charge. Instead, he stated that "cars don't just jump dividers" and requested a general charge on circumstantial evidence which was inapplicable to the facts of this case. Nevertheless, the court should have charged that the jury could have inferred negligence from the fact that defendant's vehicle was found on the wrong side of the road. The omission of this charge when combined with the court's refusal to charge the violation of the Vehicle and Traffic Law deprived plaintiffs of a fair trial. Due to these omissions, the jury was left with an impression that they could not infer negligence solely from the fact that defendant's vehicle crossed over into the opposing lanes of traffic, but that they had to find from other facts in the case that defendant acted negligently (*Coury v Safe Auto Sales, supra; Boyd v Blessey, supra*). Thus, a reversal is warranted and a new trial is granted.

We have considered plaintiffs' remaining contentions and find them to be lacking in merit. Mangano, J. P., Gibbons, O'Connor and Boyers, JJ., concur.