■ GAVRIELA DISENHOUSE, an Infant, by Her Father and Natural Guardian, DAVID DISENHOUSE, et al., Respondents, v UNIVERSAL DIAGNOSTIC LABS, INC., Defendant, and THEODORE SEXTON, Appellant.—In an action to recover damages for personal injuries, etc., the defendant Theodore Sexton appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated October 23, 1989, as granted that branch of the plaintiffs' motion which was for summary judgment against him on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was for summary judgment against Theodore Sexton is denied.

It is well settled that when a "suit is founded on a claim of negligence, the plaintiff will generally be entitled to summary judgment 'only in cases in which there is no conflict at all in the evidence' " *(Andre v Pomeroy,* 35 NY2d 361, 364-365, citing 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.03; *see also, Ugarriza v Schmieder,* 46 NY2d 471, 475-476). In the case at bar, although there was appended to the plaintiffs' motion papers a police accident report in which it was alleged that the defendant Theodore Sexton had fallen asleep at the wheel, he denied this in his opposing affidavit and stated that his car

was cut off by another car which made him leave the roadway. In such circumstances, summary judgment should not be granted against him since an "explanation of the defendant, if he gives one, will * * * be for the jury" *(Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132, 135). Bracken, J. P., Kooper, Lawrence, Balletta and O'Brien, JJ., concur.