■ JEAN V. BRADT, Respondent, v DANA P. LANCASTER, Appellant. (Action No. 1.) PAULA B. FRASIER, Respondent, v DANA P. LANCASTER, Appellant. (Action No. 2.) [671 NYS2d 199] —Crew III, J. Appeal from an order of the Supreme Court (Best, J.), entered December 3, 1996 in Fulton County, which granted plaintiffs' motion to set aside the verdict and granted a new trial.

Plaintiffs commenced these actions against defendant seeking damages for the injuries they allegedly sustained in an accident that occurred on August 9, 1991. The trial evidence revealed that on that date, defendant was traveling southbound on State Route 30 in the Town of Mayfield, Fulton County. Although the posted speed limit was 55 miles per hour, defendant testified that she was traveling approximately 35 to 45 miles per hour due to poor weather conditions. In this regard, defendant testified that it was overcast and raining very hard, prompting her to drive her vehicle with the headlights on and the wipers operating on high speed.

As defendant approached the intersection of Route 30 and School Street, at which point there apparently is a slight uphill grade to Route 30, she observed a vehicle approximately 150 to 200 yards in front of her stopped in the southbound lane preparing to make a left-hand turn. When defendant applied her brakes, her vehicle began to slide to the right. As defendant attempted to recover, the car swerved to the left, ultimately crossing into the northbound lane of Route 30 and striking a vehicle owned by plaintiff Jean V. Bradt and operated by plaintiff Paula B. Frasier. Frasier testified that she observed defendant's vehicle approaching in the southbound lane when it began to slide sideways into her lane of travel. Frasier further testified that defendant's vehicle "just shot across the road" and there was "hardly any time" from the start of the slide to impact. At the conclusion of the trial, the jury found that defendant was not negligent. Plaintiffs' subsequent motion to set aside the verdict was granted, and this appeal by defendant followed.

In our view, Supreme Court properly set aside the verdict inasmuch as " ' "the evidence so preponderate[d] in favor of the [plaintiff] that [the verdict] could not have been reached on any

fair interpretation of the evidence" ' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746, quoting *Moffatt v Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875; *see, Dillman v Albany R. C. Diocese*, 237 AD2d 767, 768). Defendant was under a duty to operate her vehicle with reasonable care having regard to the actual and potential hazards existing in view of the inclement weather and to maintain a reasonable speed and control of her vehicle given those conditions. In our view, the totality of the evidence adduced at trial compels the inference that defendant was negligent in the operation and control of her automobile and renders the resulting verdict in her favor contrary to the weight of the evidence (*cf., Pretto v Leiwant*, 80 AD2d 579, 580). Indeed, absent some other explanation for defendant's loss of control of her vehicle, the only reasonable inference to be drawn is that she was operating it at an imprudent rate of speed and did not have it under control.

Yesawich Jr. and Spain, JJ., concur.

Mikoll, J. P. (dissenting). We respectfully dissent.

The finding in favor of defendant based on issues of fact resolved by the jury in her favor should not be disturbed. A verdict should not be set aside unless the jury could not have reached the verdict on any fair interpretation of the evidence (*Cohen v Hallmark Cards*, 45 NY2d 493, 499; *Carpenter v Albee*, 192 AD2d 1004).

Defendant testified that immediately prior to the accident she was driving south on State Route 30, in a 55 mile-per-hour zone in heavy rain, at 35 to 45 miles per hour. After braking her car, she slid on the wet roadway into the northbound lane, colliding with the vehicle proceeding north bearing plaintiff Jean V. Bradt, owner of the vehicle, and plaintiff Paula B. Frasier, the driver.

We note that Supreme Court denied plaintiffs' motion for a directed verdict at the end of trial, finding that a question of fact as to defendant's negligence existed for resolution by the jury.

The verdict should be reinstated. Plaintiffs failed to prove that defendant's skid into their lane was attributable to defendant's negligence. "The test is not whether a jury erred in weighing the evidence, but whether any viable evidence exists to support its verdict" (*Durkin v Peluso*, 184 AD2d 940, 941). We disagree with the majority's statement that the *only* reasonable inference to be drawn from the evidence is that defendant was negligent. Rather, the jury could have rationally concluded that defendant's speed, which was below the posted speed limit, was not imprudent under the circumstances and

that her operation of the vehicle under the inclement weather conditions that existed was reasonable.

The verdict is not irrational, and we would reverse Supreme Court's order and deny plaintiffs' motion to set aside the verdict.

Carpinello, J., concurs. Ordered that the order is affirmed, with costs.