■ THOMAS P. ERSKINE, III, Appellant, v ANNE M. PIERRE, Respondent. [691 NYS2d 119] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Sherwood, J.), dated May 5, 1998, which, upon the granting of the defendant's motion to set aside a jury verdict on the issue of liability in favor of the plaintiff and against the defendant, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

A rear-end collision with a stopped automobile creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty of explanation on the operator of the moving vehicle (*see, Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132, 135). The defendant testified that she was stopped on Route 303 to permit a car in front of her to turn left when her vehicle was struck from behind by the plaintiff's motorcycle. The plaintiff had no recollection of the accident, but speculated that the defendant's car entered Route 303 from an exit ramp from Route 59, and stopped in front of him. There was no valid line of reasoning and permissible inferences which could have led rational persons to the conclusions reached by the jury on the basis of the evidence presented (*see, Lolik v Big V Supermarkets,* 86 NY2d 744; *Cohen v Hallmark Cards,* 45 NY2d 493). O'Brien, J. P., Friedmann, H. Miller and Smith, JJ., concur.