Castro v Klein (2022 NY Slip Op 02527)

Castro v Klein

2022 NY Slip Op 02527

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2019-10573
 (Index No. 510254/16)

[*1]Monica Castro, appellant, 
v
Marcella Klein, etc., respondent (and a third-party action).

Ogen & Sedaghati, P.C., New York, NY (Eitan Alexander Ogen of counsel), for appellant.
James F. Butler (Scahill Law Group P.C., Bethpage, NY [Gerard Ferrara], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated September 3, 2019. The judgment, upon the granting of the defendant's motion pursuant to CPLR 4401, made at the close of evidence on the issue of liability, for judgment as a matter of law dismissing the complaint, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is reversed, on the law, with costs, the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial.
The plaintiff commenced this action, alleging that she sustained personal injuries when her parked vehicle was struck by a vehicle owned and operated by the defendant's decedent. At trial, the plaintiff testified that in the afternoon of May 21, 2012, she was sitting in the driver's seat of her parked vehicle on a street in Queens when she heard a crash. One to two seconds later, the plaintiff felt an extremely strong impact on the left rear side of her vehicle and then the driver's side door. She looked to the left and saw the defendant's decedent's vehicle next to her vehicle. Prior to the collision, that vehicle had been coming out of a driveway located behind the plaintiff's parked vehicle. The impact caused the plaintiff's vehicle to move forward approximately two feet, causing it to collide with a vehicle in front of her. The defendant offered no evidence on the issue of negligence and gave no explanation for the happening of the accident.
At the close of evidence on the issue of liability, the Supreme Court granted the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. In a judgment dated September 3, 2019, the court dismissed the complaint. The plaintiff appeals.
"A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (Szczerbiak v Pilat, 90 NY2d 553, 556; see Clarke v Phillips, 112 AD3d 872, 874). In considering the motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" [*2](Szczerbiak v Pilat, 90 NY2d at 556; see Miller v Bah, 74 AD3d 761, 763).
"A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on that operator to rebut the inference of . . . negligence by providing a non-negligent explanation for the collision" (Ahmad v Grimaldi, 40 AD3d 786, 787; see Tutrani v County of Suffolk, 10 NY3d 906, 908; see also Coury v Safe Auto Sales, 32 NY2d 162, 164; Pfaffenbach v White Plains Express Corp., 17 NY2d 132, 135).
Here, viewing the evidence in the light most favorable to the plaintiff, there was a rational process by which the trier of fact could find that the defendant's decedent was negligent in that he struck the plaintiff's stopped vehicle in the rear and then continued to sideswipe her stopped vehicle (see Motta v Gomez, 161 AD3d 725, 726; O'Rourke v Carucci, 117 AD3d 1015). Furthermore, the defendant did not provide a nonnegligent explanation as to why the decedent struck the plaintiff's vehicle in the rear (see generally Coury v Safe Auto Sales, Inc., 32 NY2d at 164; Pfaffenbach v White Plains Exp. Corp., 17 NY2d at 135).
Accordingly, the Supreme Court should have denied the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint.
BRATHWAITE NELSON, J.P., RIVERA, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court